Honorable John C. Coughenour

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARILYN WATKINS,<br><br>                                    Plaintiff,<br><br>        v.<br><br>INFOSYS, d/b/a INFOSYS, Ltd.,<br><br>                                    Defendant. | No.    2:14-cv-00247 JCC<br><br>DECLARATION OF BRIAN L. DOLMAN<br>IN SUPPORT OF MOTION TO COMPEL<br><br>Note on Motion Calendar:<br>Friday, February 27, 2015 |

BRIAN L. DOLMAN hereby states and declares as follows:

1.      I am one of the attorneys for the Plaintiff in the above-entitled matter.  I am over the age of 18 years and competent to testify to the matters herein.  This declaration is offered in support of Plaintiff's Motion to Compel.

2.      **Approach to Discovery Motions**:    I am an attorney of moderate experience, having represented both individuals and entities in employment litigation for approximately ten years of my career.  I am also a member of the Society for Human Resource Management (SHRM) and hold a certification as a Senior Professional of Human Resources (SPHR), which signifies knowledge of the common core of human resources fundamentals and of Human Resources Information Systems (HRIS) that are typically utilized by employers the size of Defendant.  Considering this background, I

DECLARATION OF BRIAN L. DOLMAN IN
SUPPORT OF MOTION TO COMPEL - Page 1

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL. 206.622.2086  FAX 206.233.9165

1   have generally experienced success when conducting discovery in employment cases, thus
2   avoiding the need for intervention by a judicial officer.

3          Because discovery motions are essentially a failure of the parties to cooperate, I
4   generally loathe such motions except under the most extreme of circumstances. This is
5   one of those circumstances. Despite Plaintiff's demonstrable patience and willingness to
6   communicate with defense counsel over the course of months, Defendant has repeatedly
7   refused to respond, failed to appear and obstructed Plaintiff's reasonable efforts to conduct
8   discovery in a case that is now over a year old. Defendant's intransigence has forced
9   Plaintiff to begrudgingly file this Motion to Compel.

10         3.     **Case History and Plaintiff's Discovery Efforts**: On January 23, 2014,
11   Plaintiff filed the above-entitled action in King County Superior Court alleging claims
12   pursuant to Washington's Law Against Discrimination (WLAD), RCW 49.60 *et seq.* (*See*
13   Complaint). On February 19, 2014, Defendant filed a Notice of Removal to this Court
14   based on diversity jurisdiction. (Docket #1). Plaintiff subsequently served upon
15   Defendant her detailed Initial Disclosures on June 17, 2015.

16         Although Plaintiff previously served a set of discovery with her state court
17   pleadings, Plaintiff reissued her First Interrogatories and Requests for Production on May
18   15, 2014. Defendant served its objections and answers to these first discovery requests on
19   August 8, 2014, and provided supplemental answers on November 12, 2014. Plaintiff
20   served a Second Set of Interrogatories and Requests for Production on October 22, 2014,
21   to which Defendant responded with an abundance of objections and incomplete responses
22   on December 10, 2014. Finally, Plaintiff issued her Third Set of Interrogatories and
23   Requests for Production, as well as her Second Set of Requests for Admission on
24   December 18, 2014. Defendant provided its objections and incomplete responses to this
25   third set on January 20, 2015.

26

DECLARATION OF BRIAN L. DOLMAN IN
SUPPORT OF MOTION TO COMPEL - Page 2

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086   FAX 206.233.9165

1     On or about September 2014, I informed Defendant of the need to take certain

2  depositions in this case. On October 24, 2014, I reiterated Plaintiff's request and stated the

3  intent to take the depositions of Srikantan "Tan" Moorthy, Martha McGaw, Lisa Kidd,

4  Nandita Gurjar and Holly Benson. A true and correct copy of my e-mail reiterating these

5  deposition requests is attached hereto as **Exhibit 1**, and is hereby incorporated through this

6  reference. Although I suggested dates for depositions, Defendant responded by stating the

7  unavailability of its counsel or its client contact (whom Defendant apparently required to

8  be in attendance for any depositions). On repeated occasions, I requested that Defendant

9  make available dates and locations for the above-named witnesses. Because Defendant

10  rebuffed my efforts or refused to respond to my repeated requests to schedule depositions,

11  I was left with no other choice than to issue 30(b)(6) deposition notices for the purpose of

12  seeking information that Plaintiff needs prior to the mandated participation in mediation

13  on February 24, 2015, with Mediator Teresa Wakeen.

14     On January 2, 2012, I issued 30(b)(6) notices for information that would typically

15  be possessed by an employer in a discrimination case. In my experience, counsel

16  representing individuals on employment claims will always seek such information from

17  the employer and/or individual supervisors. True and correct copies of these deposition

18  notices are attached hereto as **Exhibits 2 and 3**, and are hereby incorporated through this

19  reference.    More importantly, these supervisors were involved in administering

20  Defendant's **cost optimization process** and Plaintiff must discover the thought processes

21  and selection criteria that led to her termination. A true and correct copy of Mr. Moorthy's

22  e-mail referencing the cost optimization process is attached hereto as **Exhibit 4**, and is

23  hereby incorporated through this reference.

24     I was reluctant to issue the depositions notices and only did so after Defendant's

25  failure to respond to the multiple reasonable requests to schedule depositions in this case.

26  Specifically, I stated that ***"[w]hile I make it my practice to avoid scheduling depositions***

DECLARATION OF BRIAN L. DOLMAN IN
SUPPORT OF MOTION TO COMPEL - Page 3

1   *in the absence of first identifying the availability of the witness and counsel, the lack of*

2   *response from your office has necessitated this approach.  Assuming that Defendant is*

3   *more forthcoming with identifying the availability of the requested witnesses, please be*

4   *advised that I remain amenable to discussing alternate dates for these depositions.*"  A

5   true and correct copy of my e-mail to Ms. Katzenstein is attached hereto as **Exhibit 5**, and

6   is hereby incorporated through this reference.   Defendant failed to respond to this

7   invitation regarding alternate dates and also failed to timely provide dates of availability

8   for the other witnesses.

9        As of today's date, Plaintiff issued deposition notices and subpoenas for witnesses

10   Holly Benson, Martha McGaw and Lisa Kidd.  However, Defendant either disputes the

11   dates selected, or has renounced its prior authorization to schedule these witnesses.

12   Defendant also failed to attend the 30(b)(6) depositions and is now obstructing Plaintiff's

13   ability to conduct discovery depositions at any time prior to the above-mentioned

14   mediation session.  Plaintiff requests that this Court sanction Defendant for its obstruction

15   and failure to attend these depositions.

16        4.        **Defendant's Agreement to Arrange Witness Appearances**:  As above,

17   Plaintiff reasonably sought to schedule the discovery depositions of her former

18   supervisors, Srikantan "Tan" Moorthy and Nandita Gurjar.  During the pendency of this

19   litigation, my office understood Ms. Gurjar to be employed at Infosys, but in the United

20   States while on sabbatical and attending Harvard University.   Counsel for Infosys

21   confirmed as much to my office during a teleconference.  I subsequently learned that Ms.

22   Gurjar left the United States and also left the employ of Infosys; Defendant did not inform

23   my office that its executive planned to leave the United States.  Despite her no longer

24   being employed, counsel recently acknowledged that Ms. Gurjar continues to be an active

25   contributor to the defense. (Supplemental Response to Interrogatory No. 1).  As for Mr.

26

DECLARATION OF BRIAN L. DOLMAN IN
SUPPORT OF MOTION TO COMPEL - Page 4

1   Moorthy, I understand him to be the chief executive for human resources, which requires

2   him to travel on company business world-wide.

3        Based on acknowledged difficulties in scheduling this discovery, Plaintiff entered

4   an agreement with Defendant regarding an extension of the trial date and case scheduling

5   deadlines.  While it took some effort to hammer out this agreement, Defendant agreed to

6   arrange for the depositions of Ms. Gurjar and Mr. Moorthy, at least to the best of its

7   abilities.  On November 11, 2014, counsel stated that Defendant *"will agree to produce*

8   *Tan Moorthy in the US and will also agree to request Nandita Gurjar's cooperation in*

9   *giving her deposition in the US, including the company deferring her travel expenses."*

10  A true and correct copy of this e-mail string that includes Mr. Johnsrud's offer is attached

11  hereto as **Exhibit 6**, and is hereby incorporated through this reference.    Plaintiff

12  subsequently agreed to enter a stipulation to extend the trial date based upon Defendant's

13  stated terms to make available these witnesses.  A true and correct copy the e-mail

14  confirming the parties' agreement is attached hereto as **Exhibit 7**, and is hereby

15  incorporated through this reference.  Although Mr. Johnsrud did not follow through with

16  providing a stipulation prior to Defendant's change of counsel, the parties did eventually

17  stipulate to an extension of calendaring deadlines based upon this agreement.  Pursuant to

18  Ms. Katzenstein's request, I confirmed the existence of this agreement and addressed

19  issues relative to the depositions of Mr. Moorthy and Ms. Gurjar.  A true and correct copy

20  of this e-mail string with Ms. Katzenstein is attached hereto as **Exhibit 8**, and is hereby

21  incorporated through this reference.

22        Consistent with Defendant's evasive and obstructive nature in this case, Defendant

23  later has attempted to deny that its attorneys were without the authority to enter this

24  agreement.  Defendant further waited until January 20, 2015, to determine that it would

25  change course and refuse to arrange for the depositions of Mr. Moorthy and Ms. Gurjar.

26  When asked during a discovery conference as to why it took so long to deny Plaintiff's

DECLARATION OF BRIAN L. DOLMAN IN
SUPPORT OF MOTION TO COMPEL - Page 5

1   demand to take these depositions, attorney George Stoner flatly stated, "Blame me."

2   Defendant's actions are strongly indicative of foul play and systematic intransigence. As

3   such, Plaintiff requests this Court to order the depositions of Mr. Moorthy and Ms. Gurjar

4   in the United States at Defendant's cost.

5         5.       **Certificate of Compliance**: On many occasions, I personally conferenced

6   with Defendant's counsel regarding the matters raised herein.  Due to deficiencies in

7   Defendant's discovery, Plaintiff engaged Defendant in good faith for the purpose of

8   promptly resolving the discovery dispute and to minimize the economic burden to the

9   parties. The following is a summary of case management and discovery conferences that

10  were attempted or conducted prior to pursuing this Motion to Compel:

11        a.       **October 30, 2014**:  I conducted FRCP 37 discovery conference

12  regarding Defendant's Answers to Plaintiff's First Interrogatories and Requests for

13  Production.   Attending this teleconference was Defendant's attorney, Monica Torrez-

14  Pfister. A true and correct copy of an -email string relating to this discovery conference is

15  attached hereto as **Exhibit 9**, and is hereby incorporated through this reference.  Ms.

16  Torrez-Pfister provided supplemental responses on November 12, 2012, but they were not

17  sufficiently specific or incomplete.   Also, many of supplemental responses vaguely

18  referred to a production of nearly 3000 pages in response to specific document requests. A

19  reference to hundreds of pages of documents is unhelpful, evasive and fails to inform

20  Plaintiff about which particular documents Defendant relies upon in its response.

21        b.       **November 5, 2014**: I conducted a case management conference for

22  the purpose of discussing the availability of witness and management of the case schedule.

23  Ms. Torrez-Pfister again represented Defendant during our teleconference. (Exhibit 6).

24        c.       **December 4, 2014**:  I participated in a teleconference with Adam

25  Belzberg, who announced his intention to substitute as counsel. During our conversation,

26  I informed Mr. Belzberg about that status of discovery and the parties' agreement

DECLARATION OF BRIAN L. DOLMAN IN
SUPPORT OF MOTION TO COMPEL - Page 6

1 regarding extension of the case schedule/trial date. Because I already had scheduled a
2 case management conference with attorneys Mr. Johnsrud and Ms. Torrez-Pfister for the
3 next day at 2:00 p.m., Mr. Belzberg and I agreed to keep the appointment.

4         d.   **December 5, 2014**: Case management conference **cancelled** due to
5 Mr. Johnsrud withdrawing from the case; **cancelled** as well by Mr. Belzberg. This Court
6 issued an order granting substitution of counsel. (Docket #17).

7         e.   **December 11, 2014**: Case management teleconference **cancelled**
8 by Defendant's counsel.

9         f.   **December 12, 2014**: I participated in a case management
10 teleconference with Defendant's new counsel. In attendance for Defendant were Adam
11 Belzberg, Krissy Katzenstein and George Stohner. Jennifer Song also participated on
12 behalf of Plaintiff. During this teleconference, I reiterated the existence of a prior
13 negotiated agreement to extend the case schedule and we discussed logistics of the same. I
14 also reiterated Plaintiff's prior requests to take the depositions of Srikantan "Tan"
15 Moorthy, Nandita Gurjar, Holly Benson, Martha McGaw and Lisa Kidd. While I desired
16 to accommodate the needs of the new attorneys when conceding that Plaintiff did not
17 necessarily need to take all requested depositions prior to mediation, I did reference the
18 probable need to examine Mr. Moorthy and Ms. Gurjar in advance of this crucial date.
19 Further, I pointed out that Defendant's recent responses to Plaintiff's Second
20 Interrogatories and Requests for Production appeared hurried and were insufficient. Mr.
21 Stohner acknowledged the deficiencies in Defendant's responses when admitting that he
22 issued the same merely to "preserve Defendant's objections." He then acknowledged that
23 Defendant would supplement these responses.

24         g.   **December 18, 2014**: The parties again participated in a case
25 management teleconference. Adam Belzberg and Krissy Katzenstein represented
26 Defendant and I participated along with Jennifer Song on behalf of Plaintiff. We intended

DECLARATION OF BRIAN L. DOLMAN IN
SUPPORT OF MOTION TO COMPEL - Page 7

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086   FAX 206.233.9165

1   to discuss a variety of case issues, including case discovery and the availability of

2   witnesses. Unfortunately, our progress was stunted because Defendant's in-house counsel,

3   Stacy Mikulik, had been unavailable to Ms. Katzenstein. We did, however, discuss the

4   extension of trial and the case calendar deadlines, in addition to mediation scheduling.

5   Ms. Katzenstein promised to promptly respond in regard to the depositions of Mr.

6   Moorthy and Ms. Gurjar, but she neglect to tender this promised information.

7          h.      **December 23, 2014**:   Defense counsel **cancelled** this case

8   management meeting.   I expected to receive Defendant's responses regarding the

9   availability of witnesses for depositions and a reasonable estimate for Defendant providing

10  full and complete responses to previously issued discovery requests. A true and correct

11  copy of my e-mail of this date is attached hereto as **Exhibit 10**, and is hereby incorporated

12  through this reference. As a result of this meeting cancellation, I scheduled a discovery

13  conference for December 30, 2014.

14         i.      **December 30, 2014**:   I conducted a lengthy FCRP 37 discovery

15  conference on December 30, 2014, to discuss deficiencies of discovery responses, disputed

16  objections and failures to respond to Plaintiff's First Interrogatories and Requests for

17  Production and to Plaintiff's Second Interrogatories and Requests for Production.  In

18  attendance for this teleconference were Adam Belzberg, George Stohner and Krissy

19  Katzenstein for Defendant.   After discussing each of the objections and discovery

20  responses, I stated my concern that Defendant had omitted or excised the verification

21  statement by Defendant's representative. According to my records, Defendant agreed to

22  supplement RFP 1 and 2, RFP 11-15, RFP 18-21.

23         Despite our extensive discussion, Defendant's counsel was either unwilling or

24  unable to provide an answer regarding other discovery requests, or the date upon which

25  Plaintiff could expect supplemental responses. A true and correct copy of my e-mail

26  following this discovery conference is attached hereto as **Exhibit 11**, and is hereby

DECLARATION OF BRIAN L. DOLMAN IN
SUPPORT OF MOTION TO COMPEL - Page 8

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086  FAX 206.233.9165

1  incorporated through this reference. I recall Mr. Stohner stating that he would respond the

2  following week about a date upon which Defendant might respond. Ms. Katzenstein later

3  represented that Defendant would provide detailed supplemental responses on January

4  22, 2015, but this date came and went without anything being offered. (Exhibit 8). As a

5  result, this issue is largely conceded and Plaintiff requests that this Court compel

6  Defendant to provide supplemental responses to her first and second discovery requests.

7                  j.    **January 9, 2015**:   The parties scheduled a case management

8  conference to discuss various issues relative to the Court's issuance of a new case

9  schedule. I attended this teleconference along with Jennifer Song on behalf of Plaintiff.

10  Krissy Katzenstein and Adam Belzberg represented Defendant. Although the parties

11  agreed to safeguard our reserved mediation date of February 24, 2015, and to contact the

12  Court about an extension of the deadline to complete discovery, Ms. Katzenstein was

13  again unwilling to specify the availability of Mr. Moorthy and Ms. Gurjar for depositions.

14  A true and correct copy of my e-mail summary of this same date is attached hereto as

15  **Exhibit 12**, and is hereby incorporated through this reference. Ms. Katzenstein stated that

16  she would provide response pertaining to the depositions of Mr. Moorthy and Ms. Gurjar

17  the following week, but Defendant failed to provide this information as promised.

18  Notably, neither Ms. Katzenstein nor Mr. Belzberg stated any opposition or conflict to the

19  scheduled 30(b)(6) depositions.

20                  k.    **January 16, 2015**:   Due to Ms. Katzenstein's failure to respond to

21  my office on several different issues, I contacted lead defense attorney George Stohner in

22  an impromptu manner on January 16, 2015. Mr. Stohner was traveling and unable to

23  respond to my inquiries. As a result, I stated my intention to conduct a FRCP 37

24  discovery conference on January 20, 2015. A true and correct copy of my e-mail

25  following this teleconference with Mr. Stohner is attached hereto as **Exhibit 13**, and is

26

DECLARATION OF BRIAN L. DOLMAN IN
SUPPORT OF MOTION TO COMPEL - Page 9

1    hereby incorporated through this reference.  Notably, Mr. Stohner stated <u>no opposition or</u>

2    <u>conflict</u> with the 30(b)(6) depositions.

3            l.      **January 20, 2015**:  I conducted a telephonic discovery conference

4    with Adam Belzberg and George Stohner in attendance on behalf of Defendant.  During

5    this teleconference, we discussed the availability of Ms. Gurjar and Mr. Moorthy for

6    discovery depositions, as well as the pending 30(b)(6) depositions.  Defense counsel

7    alleged that Defendant did not authorize the prior attorneys make an agreement pertaining

8    to the appearance of Mr. Moorthy or Mr. Gurjar in the United States.  They further

9    informed me that Mr. Moorthy did not intend to travel to the United States and that he is

10   unavailable to be deposed on any date prior to the parties' mediation date of February 24,

11   2015.  When asked why Defendant needed more than six weeks beyond the appearance of

12   its new attorneys to simply state this obstructive denial to Plaintiff, Mr. Stohner stated,

13   "Blame me."  A true and correct copy of an e-mail string that includes my summary of this

14   teleconference is attached hereto as **Exhibit 14**, and is hereby incorporated through this

15   reference.

16           Most interestingly, Mr. Stohner and Mr. Belzberg voiced <u>no opposition or conflict</u>

17   with Plaintiff's 30(b)(6) depositions.  As detailed in my e-mail, I recalled that Mr. Stohner

18   stated significant reservations about Defendant's ability to designate any representatives to

19   appear at these depositions, especially when considering that Mr. Moorthy and Ms. Gurjar

20   are likely the persons in possession of the majority of evidence responsive to these

21   deposition notices. (Exhibits 2-3).  Mr. Belzberg later stated his own recollection that Mr.

22   Stohner, in fact, stated his intention to designate witnesses "who can testify regarding the

23   identified topics." (Exhibit 14).  I responded that I was happy to "hear that Defendant will

24   designate witnesses for those upcoming depositions.  I look forward to receiving your

25   designations next week." (*Id.*)  Again, <u>Mr. Belzberg made no mention of any opposition</u>

26   <u>or conflict</u> with Plaintiff's scheduling of 30(b)(6) depositions. (*Id.*)

DECLARATION OF BRIAN L. DOLMAN IN
SUPPORT OF MOTION TO COMPEL - Page 10

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086  FAX 206.233.9165

1          m.      **January 26, 2015**: I conducted a telephonic discovery conference

2  on January 26, 2015, for the purpose of discussing the numerous objections and overall

3  failure to timely respond to Plaintiff's Third Interrogatories and Requests for Production.

4  A true and correct copy of my e-mail scheduling this teleconference is attached hereto as

5  **Exhibit 15**, and is hereby incorporated through this reference.   To my knowledge,

6  Defendant did not provide a single document in response to over 20 different requests for

7  production.  As an example of Defendant's failure to properly respond, a true and correct

8  excerpt of Defendant's Answers to Plaintiff's Third Interrogatories and Requests for

9  Production is attached hereto as **Exhibit 16**, and is hereby incorporated through this

10  reference.

11        At the time of conducting this teleconference, I connected with George Stohner

12  and was unable to reach Adam Belzberg. Mr. Stohner stated that he was travelling and not

13  prepared to participate in the discovery conference, but he would call me the next day;

14  counsel for Defendant failed to contact me the next day and did not otherwise seek to

15  reschedule this matter. Following my conversation with Mr. Stohner, I left a message with

16  Mr. Belzberg to state my anticipation of a call from defense counsel on January 27, 2015.

17  Despite Although Defendant ultimately failed to reconnect with me, Plaintiff attempted in

18  good faith to conduct a meaningful discovery conference in regard to Plaintiff's Third Set

19  of Interrogatories and Requests for Production. FRCP 37(a)(1).

20        6.      **Defendant's Verification of Discovery Responses**:   During various

21  discovery conferences, I raised the concern that Defendant failed to appoint a

22  representative to verify the accuracy of its discovery responses. For each set of discovery

23  requests issued by Plaintiff, Defendant neglected to sign its responses to the same.

24  According to FRCP 33, I understand that a party responding to discovery is required to

25  sign the same. FRCP 33(b)(5). On November 12, 2014, counsel for Defendant confirmed

26  that Srikantan "Tan" Moorthy would sign the verification page on behalf of the company.

DECLARATION OF BRIAN L. DOLMAN IN
SUPPORT OF MOTION TO COMPEL - Page 11

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086  FAX 206.233.9165

1  (Exhibit 9). However, no such signature and verification has been forthcoming and, as a

2  result, Defendant failed to provide a party certification for each and every set of discovery

3  responses issued in this case.

4         7.   **Electronic Discovery**:   During several of the discovery conferences

5  referenced above, Plaintiff raised concern about the long-overdue and outstanding

6  production of electronically stored information (ESI) within Defendant's possession.

7  More than a year has passed since Defendant received notice of Plaintiff's claims or

8  potential claims. On October 14, 2014, I personally participated in an electronic discovery

9  conference with my colleague Wendy Lilliedoll. Barry Johnsrud and Monica Torrez-

10  Pfister represented Defendant. During this teleconference, Mr. Johnsrud stated that his

11  client had not yet provided him the necessary electronic data and that a discussion of

12  search terms was premature. (Exhibit 6). Ms. Torrez-Pfister later stated that Defendant

13  would provide a list of search terms by the week of October 20, 2014, but Defendant failed

14  to make this disclosure as promised. Attached hereto as **Exhibit 17** is a true and correct

15  copy of Ms. Torrez-Pfister's e-mail, and is hereby incorporated through this reference. In

16  a teleconference with defense counsel on October 30, 2014, I also learned that Defendant

17  had not yet imaged the personal computing devices for Srikantan "Tan" Moorthy and

18  Nandita Gurjar. (*Id.*)

19        After the substitution of counsel and recognizing that Defendant had done little or

20  nothing to produce ESI, I personally provided Ms. Katzenstein with Plaintiff's preferred

21  electronic search terms on January 7, 2015. I then requested that Defendant likewise

22  provide is list of search terms, but Ms. Katzenstein did not respond to this request.

23  Attached hereto as **Exhibit 18** is a true and correct copy of my e-mail to Ms. Katzenstein

24  about search terms, and is hereby incorporated through this reference. On January 20,

25  2015, Mr. Stohner agreed to provide Defendant's list of ESI search terms. However, on

26  January 28, 2015, Mr. Belzberg responded by stating that "Defendant does not have any

DECLARATION OF BRIAN L. DOLMAN IN
SUPPORT OF MOTION TO COMPEL - Page 12

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086  FAX 206.233.9165

1   suggested changes to your proposed list of ESI search terms at this time," which meant
2   that Defendant did not have its own or additional search terms to ensure that all relevant
3   documents are sufficiently captured.  A true and correct copy of this e-mail string is
4   attached hereto as **Exhibit 19**, and is hereby incorporated through this reference.
5   Defendant is now severely delinquent in producing ESI and should be compelled to
6   promptly tender this discovery production.

7       8.      **Plaintiff's 30(b)(6) Depositions**: Not only did Plaintiff provide Defendant
8   with nearly six weeks' advance notice of the 30(b)(6) depositions, but I also invited
9   Defendant to timely notify me in the event of scheduling conflicts.  (Exhibit 5).  On
10  several occasions, counsel for Defendant had the opportunity to notify me of any issues,
11  yet they each neglected to state any opposition or conflicts with these depositions.
12  (Exhibits 12-14).  For the first time, on January 28, 2015, Mr. Belzberg asserted that
13  Plaintiff unilaterally (impliedly without professional courtesy) scheduled these 30(b)(6)
14  depositions and that Defendant's counsel was unavailable for the dates selected; Mr.
15  Belzberg did not mention the nature of the conflict, nor did he attempt to explain why all
16  prior communications made no such mention of a conflict.  (Exhibit 18).  Interestingly, the
17  earlier correspondence with defense counsel did not utilize the charged language alleging
18  that I had "unilaterally" scheduled theses depositions.   (Exhibits 12-14).    Plaintiff
19  determined that Defendant acted in bad faith and opposed its attempt to cancel these
20  30(b)(6) depositions. (Exhibit 18).  Due to Defendant's failure to appear, Plaintiff request
21  this Court order that these depositions be conducted at Defendant's cost.

22      9.      **Conclusion**: Based on the foregoing, this is an extreme case of neglect and
23  intransigence by Defendant, which required Plaintiff to bring this Motion to Compel.  On
24  many occasions, Plaintiff attempted to resolve these discovery disputes, but Defendant
25  chose to respond by being evasive, obstructive or offering no response at all.  Defendant
26  also failed to appear for depositions that were scheduled with ample notice and without

DECLARATION OF BRIAN L. DOLMAN IN
SUPPORT OF MOTION TO COMPEL - Page 13

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086  FAX 206.233.9165

1    any identified scheduling conflicts until it became necessary for defense counsel to

2    manufacture an excuse for their client's non-appearance. Taken as a whole or separately,

3    there is sufficient justification for this Court to compel Defendant's responses and

4    attendance and to order sanctions. Pursuant to FRCP 37(5), Plaintiff also seeks an order

5    for the costs associated with this motion.

6        I hereby declare under penalty of perjury under the laws of the State of Washington

7    that the foregoing is true and correct.

8

9        Dated this 12th day of February, 2015.

10

11                         LAW OFFICES OF
                          JUDITH A. LONNQUIST, P.S.

12

13                         _____
                          Judith A. Lonnquist, WSBA #06421
14                         Brian L. Dolman, WSBA #32365
                          Attorneys for Plaintiff
15                         1218 Third Avenue, Suite 1500
                          Seattle, Washington 98101
16                         Phone: 206.622.2086
                          Email: lojal@aol.com
17                                 brian@lonnquistlaw.com

18

19

20

21

22

23

24

25

26

DECLARATION OF BRIAN L. DOLMAN IN
SUPPORT OF MOTION TO COMPEL - Page 14

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARILYN WATKINS,

Plaintiff,

v.

INFOSYS, d/b/a INFOSYS, Ltd.,

Defendant.

No.    2:14-cv-00247 JCC

DECLARATION OF SERVICE

I, Linsey M. Teppner, an employee of the Law Offices of Judith A. Lonnquist, P.S., declare under penalty of perjury that on the date below, I caused to be served upon the below-listed parties, via the method of service listed below, a true and correct copy of the foregoing document.

| Party | Method of Service |
|---|---|
| Adam Belzberg<br>Stoel Rives LLP<br>600 University Street, Suite 3600<br>Seattle, WA 98101 | ☒ Hand Delivery<br>☐ Legal Messenger<br>☐ Regular Mail<br>☐ Facsimile<br>☒ E-Mail |
| George Stohner<br>Faegre Baker Daniels LLP<br>311 South Wacker Drive, Suite 4300<br>Chicago, IL  60606-6622 | ☐ Hand Delivery<br>☐ Legal Messenger<br>☐ Regular Mail<br>☐ Facsimile<br>☒ E-Mail |

Dated this 12th day of February, 2015.

Linsey M. Teppner

DECLARATION OF BRIAN L. DOLMAN IN
SUPPORT OF MOTION TO COMPEL - Page 15

EXHIBIT 1

## Brian L. Dolman

| | |
|---|---|
| **From:** | Brian L. Dolman |
| **Sent:** | Friday, October 24, 2014 2:49 PM |
| **To:** | Johnsrud, Barry Alan (Seattle) (Barry.Johnsrud@jacksonlewis.com); Torrez-Pfister, Monica (Seattle) (Monica.Torrez@jacksonlewis.com) |
| **Subject:** | Watkins v. Infosys - Request to Schedule Depositions |

Barry & Monica –

I realize that you are still in the process of conferring with your client contact(s) regarding discovery and our proposed depositions. As you do so, Plaintiff specifically requests your cooperation in scheduling the following depositions:

Tan Moorthy
Martha McGaw
Lisa Kidd
Nandita Gurjar
Holly Benson

For these depositions, I propose the following dates for your consideration: December 3 or 5, and December 9-12. On a related matter, I am unsure as to whether all of these individuals continue to work for Infosys, or if they are within the attorney-client relationship for the company. Unless you state otherwise, I will assume that all communications with go through your office and that you will accept service on their behalf. Also, please kindly indicate the work locations for each of these individuals and whether they are able to schedule any work-related travel to the United States in conjunction with appearing for depositions in this case.

Thank you in advance for your attention to this request.

## Brian L. Dolman

Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500
Seattle, WA 98101-3021
206.622.2086

CONFIDENTIAL COMMUNICATION: This transmission is intended for the sole use of the intended recipient and may contain information that is protected by attorney/client privilege, work product doctrine or otherwise exempt from disclosure under applicable law. Any unauthorized dissemination, distribution or duplication by someone other than the intended recipient is strictly prohibited. If you believe you have received this transmission in error, please immediately notify the sender and delete it.

EXHIBIT 2

1

Honorable John C. Coughenour

2

3

4

5

6

7
IN THE UNITED STATES DISTRICT COURT

8
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10
MARILYN WATKINS,                          No.     2:14-cv-00247 JCC

                        Plaintiff,
11                                                NOTICE OF DEPOSITION UPON ORAL
        v.                                        EXAMINATION OF DEFENDANT
12                                                INFOSYS AND DEMAND FOR
INFOSYS, d/b/a INFOSYS, Ltd.,                     DESIGNATION OF CORPORATE
13                      Defendant.                30(b)(6) REPRESENTATIVE

14
TO:        Defendant Infosys

15
AND TO:    It's 30(b)(6) Designee

16
AND TO:    George Stohner, Krissy Katzenstein
17             and Adam Belzberg, Attorneys for Defendants

18
        Please take notice that the deposition of DEFENDANT INFOSYS will be taken

19
upon oral examination at the instance and request of the Plaintiff before a Certified Court

20
Reporter, at the Law Offices of Judith A. Lonnquist, P.S., 1218 Third Avenue, Suite 1500,

21
Seattle, Washington, 98101, on Tuesday, February 10, 2015, commencing at 9:00 a.m. This

22
oral examination will be subject to continuance or adjournment from time to time or place to

23
place until completed.   This oral examination is to be taken for the purpose of providing

24
evidence material to the establishment of this case.

25

26

NOTICE OF DEPOSITION; INFOSYS 30(b)(6) -
Page 1

1    Pursuant to FRCP 30(b)(6), demand has been made by Plaintiff that Defendant

2 designate person(s) with knowledge and ability to testify on behalf of Defendant Infosys. The

3 matters on which the examination is requested are as follows:

4
      1.    For the period of June 1, 2012, through April 1, 2013, knowledge of Plaintiff's
5           work activities that include the following: a) Job performance in the role of
            Head–Management and Consulting Skills Development; b) any expansion of
6           the job role or the assignment of additional duties; c) communications by
            Plaintiff to Srikantan "Tan" Moorthy regarding the performance of her job
7           duties; d) any requests by Plaintiff to Srikantan "Tan" Moorthy to reconcile the
            issue concerning her job level/personal level designations; e) knowledge of
8           Srikantan "Tan" Moorthy's efforts to resolve Plaintiff's concerns about her job
9           level/personal level or title designations; f) Plaintiff's position on the
            organizational chart relative to other employees within E&R; and g) the
10          supervision and assessment of Plaintiff's job performance.

11
      2.    The selection process for Head–Management and Consulting Skills
12          Development that concluded with Plaintiff's selection for this role and includes
            the following: a) Knowledge of Plaintiff's performance during the candidate
13          selection process; b) the identity, position and credentials of candidates
            selected for interviews; c) Defendant's criteria for selecting the successful
14          employee; d) Plaintiff's scores or ranking relative to other interview
15          candidates; e) knowledge of the policies and procedures concerning titleholder
            status at the time of this selection process; and f) knowledge of the on-boarding
16          process for Plaintiff when assuming this new job role.

17
      3.    For the period of June 1, 2012, through April 1, 2013, knowledge of employees
            within E&R that received promotions, title changes, bonus compensation or
18          other salary increases.

19   Dated this $2^{rd}$ day of January, 2015.

20
                                    LAW OFFICES OF
21                                  JUDITH A. LONNQUIST, P.S.

22
                                    Judith A. Lonnquist, WSBA #06421
23                                  Brian L. Dolman, WSBA #32365
                                    Attorneys for Plaintiff
24                                  1218 Third Avenue, Suite 1500
25                                  Seattle, Washington 98101
                                    Phone: 206.622.2086
26                                  Email: lojal@aol.com
                                          brian@lonnquistlaw.com

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086   FAX 206.233.9165

1

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

3

4

5

6

7

| MARILYN WATKINS, | No.    2:14-cv-00247 JCC |
| Plaintiff, | DECLARATION OF SERVICE |
| v. | |
| INFOSYS, d/b/a INFOSYS, Ltd., | |
| Defendant. | |

8

9

10

11

12

I, Linsey M. Teppner, an employee of the Law Offices of Judith A. Lonnquist, P.S., declare under penalty of perjury that on the date below, I caused to be served upon the below-listed parties, via the method of service listed below, a true and correct copy of the foregoing document.

13

14

15

16

17

18

19

20

21

22

23

| Party | Method of Service |
|---|---|
| Adam Belzberg<br>Stoel Rives LLP<br>600 University Street<br>Suite 3600<br>Seattle, WA 98101 | ☒ Hand Delivery<br>☐ Legal Messenger<br>☐ Regular Mail<br>☐ Facsimile<br>☒ E-Mail |
| George Stohner<br>Krissy A. Katzenstein<br>Morgan, Lewis & Bockius LLP<br>77 West Wacker Drive<br>Chicago, IL 60601 | ☐ Hand Delivery<br>☐ Legal Messenger<br>☐ Regular Mail<br>☐ Facsimile<br>☒ E-Mail |

24

25

26

Dated this 2nd day of January, 2015.

Linsey M. Teppner

NOTICE OF DEPOSITION: INFOSYS 30(b)(6) -
Page 3

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL. 206.622.2086  FAX 206.233.9165

# EXHIBIT 3

1

2

3

4

5

6                                                      Honorable John C. Coughenour

7                     IN THE UNITED STATES DISTRICT COURT
8                    FOR THE WESTERN DISTRICT OF WASHINGTON
                                   AT SEATTLE
9
      MARILYN WATKINS,                        No.    2:14-cv-00247 JCC
10
                              Plaintiff,      SECOND NOTICE OF DEPOSITION
11                                            UPON ORAL EXAMINATION OF
           v.                                 DEFENDANT INFOSYS AND DEMAND
12    INFOSYS, d/b/a INFOSYS, Ltd.,           FOR DESIGNATION OF CORPORATE
                                              30(b)(6) REPRESENTATIVE
13                            Defendant.

14    TO:         Defendant Infosys

15    AND TO:     It's 30(b)(6) Designee

16    AND TO:     George Stohner, Krissy Katzenstein
17                and Adam Belzberg, Attorneys for Defendants

18         Please take notice that the deposition of DEFENDANT INFOSYS will be taken

19    upon oral examination at the instance and request of the Plaintiff before a Certified Court

20    Reporter, at the Law Offices of Judith A. Lonnquist, P.S., 1218 Third Avenue, Suite 1500,

21
      Seattle, Washington, 98101, on Wednesday, February 11, 2015, commencing at 9:00 a.m.
22
      This oral examination will be subject to continuance or adjournment from time to time or
23
24    place to place until completed.   This oral examination is to be taken for the purpose of

25    providing evidence material to the establishment of this case.

26


      SECOND NOTICE OF DEPOSITION:                              LAW OFFICES OF
      INFOSYS 30(b)(6) - Page 1                         JUDITH A. LONNQUIST, P.S.
                                                            1218 THIRD AVENUE, SUITE 1500
                                                                SEATTLE, WA 98101-3021
                                                        TEL 206.622.2086  FAX 206.233.9165

Pursuant to FRCP 30(b)(6), demand has been made by Plaintiff that Defendant designate person(s) with knowledge and ability to testify on behalf of Defendant Infosys. The matters on which the examination is requested are as follows:

1. For the period of April 1, 2013, through September 30, 2013, knowledge of Plaintiff's work activities that include the following: a) Job performance in the role of Head–Management and Consulting Skills Development; b) any expansion of the job role or the assignment of additional duties; c) communications by Plaintiff to Nandita Gurjar regarding the performance of her job duties; d) any requests by Plaintiff to Nandita Gurjar to reconcile the issue concerning her job level/personal level designations; e) knowledge of Nandita Gurjar's efforts to resolve Plaintiff's concerns about her job level/personal level or title designations; f) Plaintiff's position on the organizational chart relative to other employees within E&R; and g) the supervision and assessment of Plaintiff's job performance.

2. Defendant's cost optimization process in 2013 that concluded with Plaintiff's termination and includes the following:   a) Knowledge of Plaintiff's performance leading up to the time of her selection for layoff; b) the analysis and selection criteria utilized by Nandita Gurjar to fulfill the cost optimization objectives imposed onto E&R; c) the basis and management strategy that contributed to Nandita Gurjar exceeding the staff reduction and budgetary savings goals as imposed onto E&R as a part of the cost optimization process; d) Plaintiff's scores or ranking relative to the other employee selected for layoff; e) knowledge of the policies and procedures concerning titleholder status at the time of the cost optimization process; and f) knowledge of Plaintiff's effort to demonstrate the future need for on-site client services.

3. Defendant's decision to reorganize the E&R unit by developing the ETA unit and includes the following: a) Organizational development objectives to discontinue the specific services of the E&R unit and design of an alternate services delivery method via the ETA unit; b) knowledge and purpose for the retention or continuity of employees between the E&R and ETA units, if any; and c) knowledge of actions taken to design roles within the ETA unit and to conduct a search for candidates to fulfill roles within the new unit.

4. Knowledge of a sabbatical taken by Nandita Gurjar, the approval process and financial arrangements for Nandita Gurjar's sabbatical, the activities or coursework attended during her sabbatical leave, the dates of travel to the United States during her sabbatical and the non-privileged communications between Nandita Gurjar and Defendant Infosys during her sabbatical.

SECOND NOTICE OF DEPOSITION:
INFOSYS 30(b)(6) - Page 2

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086   FAX 206.233.9165

1
2

5.    For the period of April 1, 2013, through February 1, 2014, knowledge of employees within ETA that received promotions, title changes, bonus compensation or other salary increases.

3

Dated this 2nd day of January, 2015.

4
5

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.

6
7
8
9
10
11

Judith A. Lonnquist, WSBA #06421
Brian L. Dolman, WSBA #32365
Attorneys for Plaintiff
1218 Third Avenue, Suite 1500
Seattle, Washington 98101
Phone: 206.622.2086
Email: lojal@aol.com
      brian@lonnquistlaw.com

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARILYN WATKINS,<br><br>                Plaintiff,<br><br>    v.<br><br>INFOSYS, d/b/a INFOSYS, Ltd.,<br><br>                Defendant. | No.   2:14-cv-00247 JCC<br><br>DECLARATION OF SERVICE |

I, Linsey M. Teppner, an employee of the Law Offices of Judith A. Lonnquist, P.S., declare under penalty of perjury that on the date below, I caused to be served upon the below-listed parties, via the method of service listed below, a true and correct copy of the foregoing document.

| Party | Method of Service |
|---|---|
| Adam Belzberg<br>Stoel Rives LLP<br>600 University Street<br>Suite 3600<br>Seattle, WA 98101 | ☒ Hand Delivery<br>☐ Legal Messenger<br>☐ Regular Mail<br>☐ Facsimile<br>☒ E-Mail |
| George Stohner<br>Krissy A. Katzenstein<br>Morgan, Lewis & Bockius LLP<br>77 West Wacker Drive<br>Chicago, IL 60601 | ☐ Hand Delivery<br>☐ Legal Messenger<br>☐ Regular Mail<br>☐ Facsimile<br>☒ E-Mail |

Dated this 2ⁿᵈ day of January, 2015.

Linsey M. Teppner

SECOND NOTICE OF DEPOSITION:
INFOSYS 30(b)(6) - Page 4

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL. 206.622.2086  FAX 206.233.9165

EXHIBIT 4

DOCUMENT WITHHELD IN
ANTICIPATION OF POSSIBLE
PROTECTIVE ORDER

EXHIBIT 5

## Brian L. Dolman

| | |
|---|---|
| **From:** | Brian L. Dolman |
| **Sent:** | Friday, January 02, 2015 4:39 PM |
| **To:** | Katzenstein, Krissy A. (kkatzenstein@morganlewis.com) |
| **Cc:** | gstohner@morganlewis.com; Belzberg, Adam S. (adam.belzberg@stoel.com); Jennifer T. Song; 'Judith Lonnquist (lojal@aol.com)' |
| **Subject:** | Request for 30(b)(6) Designated Witness Deposition |
| **Attachments:** | 1st 30(b)(6) Notice to Dfdt.pdf; 2nd 30(b)(6) Notice to Dfdt.pdf |

Krissy -

As you are aware, Plaintiff has repeatedly requested that Defendant identify the availability for depositions certain defense witnesses. Prior to your involvement in the case, the parties contemplated dates for depositions in December. Our earlier efforts were obviously unsuccessful and I am still awaiting a response from your office. We have, however, been able to collaborate and set the deposition of Plaintiff for February 23, 2015.

Based on the foregoing, please find attached two deposition notices that request Defendant to designate a corporate representative to speak on issues contained within each notice. While I make it my practice to avoid scheduling depositions in the absence of first identifying the availability of the witness and counsel, the lack of response from your office has necessitated this approach. Assuming that Defendant is more forthcoming with identifying the availability of the requested witnesses, please be advised that I remain amenable to discussing alternate dates for these depositions.

I look forward to your detailed response on this subject.

Respectfully,

## Brian L. Dolman
Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500
Seattle, WA 98101-3021
206.622.2086

CONFIDENTIAL COMMUNICATION: This transmission is intended for the sole use of the intended recipient and may contain information that is protected by attorney/client privilege, work product doctrine or otherwise exempt from disclosure under applicable law. Any unauthorized dissemination, distribution or duplication by someone other than the intended recipient is strictly prohibited. If you believe you have received this transmission in error, please immediately notify the sender and delete it.

# EXHIBIT 6

## Brian L. Dolman

| | |
|---|---|
| **From:** | Brian L. Dolman |
| **Sent:** | Tuesday, November 11, 2014 4:35 PM |
| **To:** | 'Johnsrud, Barry Alan (Seattle)' |
| **Cc:** | Torrez-Pfister, Monica (Seattle); lojal@aol.com |
| **Subject:** | RE: Agreement re case schedule/trial date |

Barry -

Just responding to confirm receipt of your email.  We are also in the process of conferring with our client regarding your proposal below.  Because the question is likely to be asked of us, it would be helpful to receive your best guess and good faith estimate as to when you/Infosys might be able to determine Ms. Gurjar's willingness to travel and appear on behalf of the company.

I look forward to ironing out the details in the coming days.

Sincerely,

Brian L. Dolman
Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500
Seattle, WA  98101-3021
206.622.2086

CONFIDENTIAL COMMUNICATION: This transmission is intended for the sole use of the intended recipient and may contain information that is protected by attorney/client privilege, work product doctrine or otherwise exempt from disclosure under applicable law. Any unauthorized dissemination, distribution or duplication by someone other than the intended recipient is strictly prohibited.
If you believe you have received this transmission in error, please immediately notify the sender and delete it.

-----Original Message-----
From: Johnsrud, Barry Alan (Seattle) [mailto:Barry.Johnsrud@jacksonlewis.com]
Sent: Tuesday, November 11, 2014 1:36 PM
To: Brian L. Dolman; Johnsrud, Barry Alan (Seattle)
Cc: Torrez-Pfister, Monica (Seattle); lojal@aol.com
Subject: Re: Agreement re case schedule/trial date

Brian,

I am glad we got an opportunity to talk today.  Just as you do not accept my account of the delays in discovery, I do not accept yours—not entirely.  The fault (if there is any) for the delay in the case schedule is shared between both sides. Let's just work to get the necessary discovery done as expeditiously and with the lowest cost to both sides as possible.

Because we have now gone into the battle of documentation and counter-documentation, I cannot simply let your narrative below stand unanswered in writing. This is not intended as a narrative memorandum of our conversation.

However, I did want to express in writing my request that plaintiff uncouple consent to a stipulation for a needed case schedule change from the production of a witness no longer under Infosys's control.  Specifically, we will agree to produce Tan Moorthy in the US and will also agree to request Nandita Gurjar's cooperation in giving her deposition in

1

the US, including the company deferring her travel expenses. If that does not work for you and your client, we will have to look at a January trip to India. Let's just work this out without a lot of positioning—cases with international witnesses are complex when it comes to scheduling. We are simply asking that both sides be flexible.

I will be back to you tomorrow regarding mediators. As I mentioned, please let us know your available dates for deposition, allowing for travel to either California or Dallas in December and January. Also, please let me know available dates for the plaintiff's deposition prior to December 18. I will have a proposal for you for Tan Moorthy's deposition soon. The others will follow.

Barry

Barry Alan Johnsrud
Attorney at Law
Jackson Lewis LLP
520 Pike Street, Suite 2300
Seattle, WA 98101-4099
206.626.6411 | Direct
253.307.5180 | Mobile
206.405.4450 | Fax
Representing management exclusively in workplace law matters and related litigation.

From: Brian Dolman <brian@lonnquistlaw.com<mailto:brian@lonnquistlaw.com>>
Date: Monday, November 10, 2014 at 11:54 AM
To: Barry Johnsrud <Barry.Johnsrud@jacksonlewis.com<mailto:Barry.Johnsrud@jacksonlewis.com>>
Cc: "Torrez-Pfister, Monica (Seattle)" <Monica.Torrez@jacksonlewis.com<mailto:Monica.Torrez@jacksonlewis.com>>,
Judith Lonnquist <lojal@aol.com<mailto:lojal@aol.com>>
Subject: RE: Agreement re case schedule/trial date

Barry –

I write to acknowledge your email response and to encourage you to contact my office at your earliest opportunity this week. I am generally available to discuss the various case management and logistical concerns in this case.

Although I do not wish to incite further discord, I also do not want Plaintiff's lack of response to be confused with assent to your version of the events depicted below. For instance, your office did not contact me about this case on Thursday, November 6. Rather, Ms. Torrez and I conversed on Wednesday, November 5, which followed our earlier discovery conference on Thursday, October 30. You did not attend either teleconference. During the latter teleconference, Ms. Torrez light-heartedly stated, "Looks like we won't have to travel to India." I offer this observation not to suggest that Defendant made an enforceable commitment, but to explain Plaintiff's perspective as to our apparent communication difficulties. If your client does not wish to collaborate on these case management issues, then we will all have to deal with the consequences. Plaintiff just needs some clear communication and timely decisions from your office.

Case Schedule: As to an extension of the trial date and case scheduling deadlines, I must reiterate my approach when floating this potential compromise. Specifically, Plaintiff offered to jointly seek an extension of the case schedule in exchange for Defendant's commitment to tender key witnesses in the US for discovery depositions. It appears that Defendant now no longer views this as a worthwhile or logistically reasonable compromise. While you suggest that Defendant may perpetuate the testimony of Ms. Gurjar, I find it difficult to believe that Defendant would proceed to trial without the live testimony of this key witness. I would also be surprised if Ms. Gurjar offered anything less than her enthusiastic assistance to Infosys after many successful years of employment and receiving the benefit of a sabbatical.

2

Electronic Discovery Conference: You are correct that the respective counsel did have busy litigation calendars and that we did not convene the requested electronic discovery conference until October 14. Regardless, Plaintiff's First Interrogatories and Requests for Production of Documents did not require such a discovery conference for Defendant to provide full and complete responses. You were also very frank when stating that Defendant had not provided you with timely information, nor had the company completed its task of compiling the electronic information that you wished to discuss. You also candidly admitted that your office had not yet reviewed any electronic data (as would normally have been the case at that point) and, as such, a discussion of search terms was premature. In my teleconference on October 30, I also learned that the laptops of Mr. Moorthy and Ms. Gurjar, two key witnesses, still had not been imaged. This being the case, the timing of our electronic discovery conference has little, if anything, to do with our current situation.

Request to Cooperate in Scheduling Mediation: On October 24, I identified with some urgency the ADR deadline and provided you with five options to select a 39.1-qualified mediator. Having received no response, I then asked you to identify which mediators you found acceptable by Friday, November 7. Your email below addressed the issue, but was not responsive to my request. Plaintiff is very interested to secure December 19 (or other limited alternatives) as a date for mediation with a mediator that we both find acceptable. Please recognize this as Plaintiff's plea for your timely assistance in regard to this crucial case scheduling commitment.

Request to Cooperate in Scheduling Depositions: On October 24, I identified a list of individuals that Plaintiff desires to examine. I also provided you with ample notice of potential dates for these depositions. Other than suggesting that the first week of December does not work for your schedule, your office has not substantively responded to this email. Please kindly let me know if you want to cooperate in scheduling such matters, or if I should start scheduling depositions in a unilateral fashion. As you know, time is of the essence when it comes to cooperatively scheduling depositions in this litigation.

Thank you in advance for your thoughtful consideration of the issues raised above. I look forward to receiving your call very soon.

Sincerely,

Brian L. Dolman
Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500
Seattle, WA 98101-3021
206.622.2086

CONFIDENTIAL COMMUNICATION: This transmission is intended for the sole use of the intended recipient and may contain information that isprotected by attorney/client privilege, work product doctrine or otherwise exempt from disclosure under applicable law. Any unauthorized dissemination, distribution or duplication by someone other than the intended recipient is strictly prohibited.
If you believe you have received this transmission in error, pleaseimmediately notify the sender and delete it.

From: Johnsrud, Barry Alan (Seattle) [mailto:Barry.Johnsrud@jacksonlewis.com]
Sent: Friday, November 07, 2014 11:23 AM
To: Brian L. Dolman; Torrez-Pfister, Monica (Seattle)
Cc: lojal@aol.com<mailto:lojal@aol.com>
Subject: RE: Agreement re case schedule/trial date

Brian,

To clarify, there is has been no backtracking or flip-flopping on any commitments by defendant. Defendant agrees that the case schedule should be extended in this matter, but there has been no commitment to produce witnesses in the

U.S. We agreed to look into the possibility of tendering Tan Moorthy and Nandita Gurjar in the U.S. for their depositions in conjunction with other company business, but did not promise or commit that this would occur. As explained to you yesterday, we recently learned that Moorthy does travel to the U.S. for business occasionally, but we are not yet sure of his scheduled travel to the U.S. or ability to travel before the discovery cut-off date in this matter. Your characterization of any agreement or commitment to do anything more than explore U.S.-based depositions for these witnesses is misplaced. We will continue to work cooperatively on the scheduling of witnesses as we always have with your firm.

Regarding Gurjar, we learned today that she is back in India, and she is no longer an employee of Infosys. Thus, Infosys has no control to require her deposition in the U.S. Ms. Gurjar is available in January to be deposed in India, as long as she has reasonable advance notice. We will need at least a few weeks notice if you do proceed with noting her deposition in India. In fact, we should discuss now when we will be going to India in January, as we will want to preserve Gurjar's testimony even if you do not.

With this said, we are still communicating with Gurjar and Moorthy to determine if their depositions can take place in the U.S. We will update you as soon as we hear definitively. However, at this time, you should assume that they will take place in India. We do not think that the case schedule should be held hostage to your understandable desire that all depositions occur in the U.S. Quite simply, Moorthy and Gurjar both had their residence and principal place of business in India. Perhaps we can complete the other depositions but for these two within the current cutoff and extend the cutoff only for these two depositions? We are also willing to explore videoconference connections so that you can avoid the travel to India, which we recognize will be arduous.

With regard to the electronic discovery in this matter, you indicate defendant has been slow to comply with discovery or to gather electronic data. We recognize that the e-discovery in this case has moved more slowly than in some other cases, and that the defendant bears some responsibility for the delay. However, it is not accurate to put all of the delay at defendant's feet. Rather, we initially requested a meet and confer to discuss e-discovery issues and the appropriate limitations for custodians and search terms on July 8. Yet we did not have the conference in question until October 14. There were many reasons for this, but some of them were that your office was occupied in multiple trials, and the parties were engaged in early resolution discussions that delayed us from moving forward on expensive discovery. We were of course willing to respect your trial calendar, and we will expect the same cooperation on witness scheduling that we usually have with you. Let's not make a scheduling puzzle into a problem that interferes with the just and expeditious resolution of the case.

I will be discussing your proposed mediators with our client today and have ideas to discuss with you on Monday or Tuesday. Of the mediators you listed, John Aslin is not acceptable to us. I would appreciate it if you would call me to discuss Sasha Philip as I am not familiar with her. What are your thoughts about Lewis Peterson?

We have in the past and will continue to work with your firm in producing witnesses for their depositions, and with completing all other written discovery and document production diligently and completely. We trust that we can return to the productive dialogue we have always enjoyed with you and figure out a way to complete discovery either within the current schedule or with a brief extension as you have suggested.

Please let us know if you wish to discuss further.

Barry


Barry Alan Johnsrud
Attorney at Law
Jackson Lewis PC
Phone: (206) 626-6411
Mobile: (253) 307-5180
Fax: (206) 405-4450

E-mail: johnsrudb@jacksonlewis.com<mailto:johnsrudb@jacksonlewis.com>
Suite 2300
520 Pike Street
Seattle, Washington 98101
Representing management exclusively in workplace law and related litigation.

[Description: Description: Description: 2014 Law Firm of the Year]

From: Brian L. Dolman [mailto:Brian@lonnquistlaw.com]
Sent: Wednesday, November 05, 2014 5:17 PM
To: Torrez-Pfister, Monica (Seattle)
Cc: Johnsrud, Barry Alan (Seattle); lojal@aol.com<mailto:lojal@aol.com>
Subject: RE: Agreement re case schedule/trial date

Monica –

I appreciate your response, but I am disturbed that Defendant is backing off its commitment. As you know, Plaintiff originally proposed an extension of the case schedule/trial date in exchange for the agreement regarding the specified witness appearances. From Plaintiff's perspective, these issues cannot and will not be separated from one another. Last week during our scheduled discovery conference, I again sought Defendant's agreement and you responded that you still needed additional time. The persistent delay and current flip-flopping is unacceptable and a waste of our valuable time to manage this case (this is without mentioning Defendant's admitted slow responses to comply with discovery or to gather electronic data). I ask that Defendant come to the table and rectify this immediately.

Please confirm no later than 11 a.m. on Friday, November 7, 2014, that Defendant agrees to the trial date extension and witness appearance issues (I do not need deposition dates, only confirmation of Defendant's commitment). Otherwise, Plaintiff will proceed in accordance with the current case schedule. As such, I will require your response regarding mediator selection so that we may immediately schedule a date for mediation before the ADR cutoff. If Defendant fails to respond on the pressing matter of ADR, we will bring this to the attention of Judge Coughenour and ask that he assign a mediator.

Respecfully,

Brian L. Dolman
Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500
Seattle, WA  98101-3021
206.622.2086

CONFIDENTIAL COMMUNICATION: This transmission is intended for the sole use of the intended recipient and may contain information that isprotected by attorney/client privilege, work product doctrine or otherwise exempt from disclosure under applicable law. Any unauthorized dissemination, distribution or duplication by someone other than the intended recipient is strictly prohibited.
If you believe you have received this transmission in error, pleaseimmediately notify the sender and delete it.

From: Torrez-Pfister, Monica (Seattle) [mailto:Monica.Torrez@jacksonlewis.com]
Sent: Wednesday, November 05, 2014 4:44 PM
To: Brian L. Dolman
Cc: Johnsrud, Barry Alan (Seattle)
Subject: RE: Agreement re case schedule/trial date

Brian,

We agree that the case schedule should be extended.  Based on the feedback we have received so far, it appears that travelling to the U.S. is a possibility for Tan and Nandita.  However, we cannot yet agree that either one will be produced here for certain.  We are currently working with Tan and Nandita to determine if and when they may be available to come to the U.S. for their deposition.  I will update you as soon as I confirm Tan and Nandita's travel schedules and availability.

Given the upcoming deadlines in this case, we would like to move forward with moving out the trial date and related dates, but do not think it should be conditioned on the production of Tan and Nandita in the U.S.  Given the location of the witnesses in this case and discovery yet to be completed on both sides, there is a clear need to extend the trial date and related dates in this matter.

As to items three and four on your list below, we are agreeable to a trial date in September or October and subject to the court's availability.  As to mediation, we are reviewing your proposal of mediators and will get back to you.

Thank you,

Monica

Monica Torrez-Pfister
Attorney at Law

Jackson Lewis P.C.
www.jacksonlewis.com<http://www.jacksonlewis.com/>
Phone: (206) 626-6434
Cell: (510) 468-0345
Fax: (206) 405-4450
E-mail: monica.torrez@jacksonlewis.com<mailto:monica.torrez@jacksonlewis.com>
My Bio<http://www.jacksonlewis.com/people.php?PeopleID=2080>

520 Pike Street, Suite 2300
Seattle, Washington 98101

Representing management exclusively in workplace law and related litigation.

[Description: Description: Description: 2014 Law Firm of the Year]

From: Brian L. Dolman [mailto:Brian@lonnquistlaw.com]
Sent: Wednesday, November 05, 2014 4:26 PM
To: Torrez-Pfister, Monica (Seattle)
Cc: Johnsrud, Barry Alan (Seattle)
Subject: Agreement re case schedule/trial date

Monica –

Thank you for your return phone call this afternoon.  This will confirm that the parties have an agreement to extend the case schedule/trial date in this matter in conjunction with Defendant's agreement to tender Nandita Gurjar and Tan Moorthy for depositions here in the United States.  The agreement remains subject to the parties ironing out the remaining details, which include the following:

1.      Location of depositions for Gurjar and Moorthy. Plaintiff contemplates LA/Orange County, as these witnesses will almost certainly fly into LAX before connecting on another flight to a different office location, if any.

2.      Identification of Ms. Gurjar's employment status and whether she remains under the command and control of Defendant. If the company is somehow unable to direct her appearance for a deposition, you will ascertain whether Ms. Gurjar will appear of her own free will.

3.      A mutual agreement as to length of the time to extend the trial date. Plaintiff contemplates no more than a 3-4 month extension, but we also desire to be sensitive to any conflicting dates on your respective trial calendars.

4.      Entry of a stipulation regarding extension of the trial date.

On a somewhat related matter, Plaintiff also seeks Defendant's input on the selection of a mediation. However, with the trial date agreement referenced above, the pressure to schedule a mediator at this time is far less emergent.

Please let me know if you have any questions or comments regarding the summary of our case management intentions as outlined above.

Thank you,

Brian L. Dolman
Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500
Seattle, WA 98101-3021
206.622.2086

CONFIDENTIAL COMMUNICATION: This transmission is intended for the sole use of the intended recipient and may contain information that isprotected by attorney/client privilege, work product doctrine or otherwise exempt from disclosure under applicable law. Any unauthorized dissemination, distribution or duplication by someone other than the intended recipient is strictly prohibited.
If you believe you have received this transmission in error, pleaseimmediately notify the sender and delete it.

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

EXHIBIT 7

## Brian L. Dolman

| | |
|---|---|
| **From:** | Brian L. Dolman |
| **Sent:** | Thursday, November 13, 2014 8:36 PM |
| **To:** | Johnsrud, Barry Alan (Seattle) (Barry.Johnsrud@jacksonlewis.com) |
| **Cc:** | Torrez-Pfister, Monica (Seattle) (Monica.Torrez@jacksonlewis.com); 'Judith Lonnquist (lojal@aol.com)' |
| **Subject:** | Watkins v. Infosys - Case schedule/logistics |

Barry –

Following our recent emails and discussion, I write to address several case management issues that require our attention. Please consider the following and respond as you deem most appropriate:

**Extension of Trial Date**: As discussed previously, we both acknowledge that we cannot hold one another to terms that are beyond the control of our respective offices. At the same time, I think we both recognize the importance of managing this case in a manner that is most efficient and cost effective for our clients. Based on Defendant's stated willingness to tender Mr. Moorthy for a deposition in the US (on an undetermined date and location) and to employ a good faith effort to cooperatively arrange Ms. Gurjar's appearance for a deposition in the US (her voluntary appearance and date of deposition not being contingent on our agreement), Plaintiff offers to stipulate to mutually agreed extension of the trial date. To clarify this position further, Plaintiff will not challenge and otherwise waives the issue of any post-employment compensation provided to Ms. Gurjar as it relates to her appearance in the US, whether travel, lodging, stipend, etc. As the case schedule has not yet changed, Plaintiff also finds it necessary for the parties to remain committed to the present ADR deadline and requests that Defendant confirm its commitment to the same.

**Scheduling Mediation**: Our last communication ended with Plaintiff consenting to Defendant's choice of either Mediator Freed or Wakeen for a mediation session on mutually available dates. Please kindly inform me as to the status of finalizing the mediator selection and date. If necessary, Plaintiff may consider some flexibility with scheduling a mediation on or near the present ADR deadline.

**Scheduling Depositions**: I have asked your office to provide dates of availability and locations for various witnesses. While an extension of the trial date may mute the urgency of this request, I nevertheless want to remind you of my continued interest in receiving this information. As you indicated, I desire to schedule depositions in a manner that not only works well for all concerned, but allows each of us sufficient time to plan for absences from the office and to address the logistics of travel.

**Watkins Deposition**: In response to your request, I have tentatively secured December 10, 12 and 16 as possible dates for the deposition of Marilyn Watkins. The first date of availability includes a caveat, as there is small chance that Judith will be in trial. To ensure an absence of scheduling conflicts, we view December 16 to be the most workable (assuming that you are able to likewise clear your schedule). Please let me know your preference regarding these dates.

Thank you in advance for your timely attention and professional courtesy is addressing the issues as detailed above.

Best,

## Brian L. Dolman
Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500
Seattle, WA 98101-3021
206.622.2086

CONFIDENTIAL COMMUNICATION: This transmission is intended for the
sole use of the intended recipient and may contain information that is protected
by attorney/client privilege, work product doctrine or otherwise exempt from
disclosure under applicable law. Any unauthorized dissemination, distribution
or duplication by someone other than the intended recipient is strictly prohibited.
If you believe you have received this transmission in error, please immediately
notify the sender and delete it.

EXHIBIT 8

## Brian L. Dolman

| | |
|---|---|
| **From:** | Brian L. Dolman |
| **Sent:** | Thursday, January 08, 2015 10:28 AM |
| **To:** | Katzenstein, Krissy A. |
| **Cc:** | Jennifer T. Song; Stohner, George A.; Belzberg, Adam S.; 'Judith Lonnquist (lojal@aol.com)' |
| **Subject:** | RE: Watkins v. Infosys |

Krissy —

Thank you for your responses. Plaintiff will anticipate your supplemental discovery responses on January 22 and will take action on the other items accordingly.

As you know, I have experienced great difficulty with obtaining Defendant's cooperation to schedule matters in this case (my prior attempts were unsuccessful due to the availability of defense counsel, Defendant's in-house counsel or the witnesses). For this reason, I have repeatedly requested dates of availability for certain identified witnesses and counsel, which I then would make work on my end. Prior to your recent email, these requests had gone unanswered. For the dates offered in relation to Kidd, Benson and McGaw, I view these dates as having been vetted by your office.

With regard to Ms. Gurjar's deposition, I am confused by your reference to required compliance with the Hague Convention, as your recent email proposed mutual cooperation and a work-around solution. Specifically, you stated, "Therefore, in an effort to facilitate Ms. Gurjar's deposition in advance of the mediation, we are willing to explore proceeding with the deposition in a location that is more convenient for her and has established less onerous requirements under the Hague Convention." I then specifically inquired as to the location that you deemed more convenient for Ms. Gurjar. Because your response did not address this issue, could you please more fully explain your intended resolution via the statement above?

As to Mr. Moorthy, Defendant's counsel wrote to me on November 11, 2014, and made the following assertion, "However, I did want to express in writing my request that plaintiff uncouple consent to a stipulation for a needed case schedule change from the production of a witness no longer under Infosys's control. Specifically, **we will agree to produce Tan Moorthy in the US and will also agree to request Nandita Gurjar's cooperation in giving her deposition in the US**, including the company deferring her travel expenses. If that does not work for you and your client, we will have to look at a January trip to India. Let's just work this out without a lot of positioning—cases with international witnesses are complex when it comes to scheduling. We are simply asking that both sides be flexible." Per Mr. Johnsrud's suggestion, Plaintiff adjusted her demands and accepted this resolution. I respectfully request that you confirm or deny this position so that I may bring the same to the attention of Judge Coughenour.

It now appears that Defendant is taking an unnecessarily difficult and tactical approach with regard to the witnesses that supervised Ms. Watkins' performance during her time in E&R — Ms. Gurjar and Mr. Moorthy. As I am sure you can understand, Plaintiff finds this to be both subversive and counterproductive to our abilities to efficiently manage this case. If you deem it appropriate, I encourage us explore a resolution to these witness availability and discovery issues so that we can avoid unnecessary disputes and future discord between our offices. If you and Defendant are likewise willing, I prefer to follow the advice of Mr. Johnsrud above and will demonstrate flexibility whenever possible.

Finally, I agree that another teleconference is appropriate and will participate at 2 p.m. tomorrow. Please kindly forward call-in information.

## Brian L. Dolman

Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500
Seattle, WA 98101-3021
206.622.2086

CONFIDENTIAL COMMUNICATION: This transmission is intended for the
sole use of the intended recipient and may contain information that is protected
by attorney/client privilege, work product doctrine or otherwise exempt from
disclosure under applicable law. Any unauthorized dissemination, distribution
or duplication by someone other than the intended recipient is strictly prohibited.
If you believe you have received this transmission in error, please immediately
notify the sender and delete it.

**From:** Katzenstein, Krissy A. [mailto:kkatzenstein@morganlewis.com]
**Sent:** Thursday, January 08, 2015 6:43 AM
**To:** Brian L. Dolman
**Cc:** Jennifer T. Song; Stohner, George A.; Belzberg, Adam S.
**Subject:** Watkins v. Infosys

Brian,

As follow up to our call last week, we wanted to provide the below information.

1) Scope of Responses: Infosys intends to stand on its objections regarding requests that seek information relating to Infosys employees around the world. As you know, beginning in July 2012, Ms. Watkins worked in the E&R unit in the United States and her claims relate exclusively to the time that she was in this role. In September of 2013, all U.S.-based E&R positions were eliminated as part of a workforce reduction. To the extent, Ms. Watkins contends that another employee was treated more favorably than she while she was employed in E&R, Infosys would respond appropriately to requests aimed at obtaining information regarding that person or persons. Similarly, to the extent that Ms. Watkins challenges the decision to eliminate all U.S.-based E&R positions, Infosys would respond appropriately to requests aimed at obtaining information regarding that decision. However, requests seeking, for example, information regarding any employee, anywhere in the world, who relocated to India or who was laid off are overbroad and not relevant to Ms. Watkins' claims.

2) Supplemental Responses: During our call, you identified several requests and interrogatories for which you believe supplemental responses are appropriate. You also asked that with respect to certain requests for production, Infosys identify the precise Bates numbers of the responsive documents. While the company does not believe that it is obligated to do so, we will make this clarification consistent with our conversation. Additionally, we will supplement our interrogatory responses where we so indicated. We anticipate serving supplemental responses by January 22.

3) Mediation: Infosys would be willing and able to participate in good faith in a mediation at the end of the month. However, in light of Ms. Lonnquist's travel schedule, if Plaintiff prefers to proceed on the date currently scheduled, Infosys will not oppose any effort by Plaintiff to obtain the Court's permission to do so. We can be available tomorrow at 2:00 p.m. PT to discuss, if necessary.

4) Depositions: With respect to Mr. Moorthy, we understand from prior counsel that the parties did not agree to proceed in the United States. If you could, please provide us with any additional information regarding the basis for your belief to the contrary so that we can follow up accordingly.

For both Mr. Moorthy and Ms. Gurjar, it is difficult for us to discuss dates without first addressing the location issue. If you wish to proceed in India, Ms. Gurjar can be available on several days. However, this does require compliance with the Hague Convention so scheduling the deposition now before obtaining permission to proceed in India makes little sense. If you wish to proceed somewhere that avoids significant travel for Ms. Gurjar, we are willing to entertain such a proposal.

We would also like to clarify that it would be beneficial for us to discuss your availability during the first two weeks of March so we can coordinate with Ms. Kidd, Ms. Benson and Ms. McGaw and nail down the precise dates of their depositions. Additionally, I understand that before we became involved in this litigation, it was agreed that Ms. Kidd and Ms. Benson would proceed in Dallas and Ms. McGaw in the Oakland area. We have offices in both Dallas and San Francisco that we can arrange to use for the depositions if you wish.

5)  USB Drives: I will update the chart as requested and forward it under separate cover.


Thank you,
Krissy

**Krissy Katzenstein**
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW | Washington DC 20004
Direct: +1.202.739.5651 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Cell: +1.317.473.7576
kkatzenstein@morganlewis.com | www.morganlewis.com
Assistant: Jo Ann Bashford | +1.202.739.5679 | jbashford@morganlewis.com


DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this
communication in error, please notify us immediately by
e-mail and delete the original message.

# EXHIBIT 9

## Brian L. Dolman

| | |
|---|---|
| **From:** | Torrez-Pfister, Monica (Seattle) <Monica.Torrez@jacksonlewis.com> |
| **Sent:** | Wednesday, November 12, 2014 5:00 PM |
| **To:** | Brian L. Dolman |
| **Cc:** | Johnsrud, Barry Alan (Seattle); Preston, Andrea (Seattle) |
| **Subject:** | RE: Watkins v. Infosys - Request for Discovery Conference |
| **Attachments:** | 11.12.14 Defs 1st Suppl Resp to Pltfs 1st Rogs & RFPs.pdf |

Brian,

I am writing to update you regarding the interrogatories and requests for production addressed in my email below. Attached is a pleading with Defendant's supplemental answers and responses to Plaintiff's first set of discovery requests. We have also sent over a CD of approximately 3000 pages of documents.

Regarding the information you requested on additional titleholders under Interrogatory No. 6 and RFP No. 6. This does not appear to be information that Infosys readily maintains, and it is taking some time to gather and collect. We are actively working on collecting this information and will provide it as soon as we receive it.

We have confirmed that Tan Moorthy will be the individual to sign the client-verification page on Defendant's initial discovery responses, as well as the attached supplemental responses. Mr. Moorthy has been travelling, and as result, we have been unable to obtain his actual signature. We intend to speak to Mr. Moorthy early next week and will provide the client verification page immediately upon receiving it. We will also provide a privilege log at that time.

I believe this covers all the issues touched on below. Please let me know if there is anything additional that we need to address.

I also wanted to note that we have produced Rebecca Dean's entire file which contains several internal communications between Infosys employees. Defendant has taken the position that Dean's previous communications with Defendant are not privileged. This includes communications between Dean and Infosys attorneys as well. Some of the email correspondence in Defendant's supplemental production are labeled "Attorney-Client" privilege in the subject line or in the body of the document, but they are being produced because they were either not actual correspondence to counsel or Dean was copied on the email. By disclosing these documents, Defendant in no way waives attorney-client or work-product privilege on properly designated documents, nor does Defendant waive the possibility to designate a document as privileged in the event a privileged document is inadvertently disclosed. Please let me know if you wish to discuss this further.

Thank you,

Monica

**Monica Torrez-Pfister**
**Attorney at Law**

**Jackson Lewis P.C.**
www.jacksonlewis.com
Phone:  (206) 626-6434
Cell:  (510) 468-0345
Fax:  (206) 405-4450
E-mail:  monica.torrez@jacksonlewis.com
My Bio

1

520 Pike Street, Suite 2300
Seattle, Washington 98101

**Representing management exclusively in workplace law and related litigation.**



---

**From:** Torrez-Pfister, Monica (Seattle)
**Sent:** Thursday, October 30, 2014 6:32 PM
**To:** 'Brian L. Dolman'
**Cc:** Johnsrud, Barry Alan (Seattle); Preston, Andrea (Seattle)
**Subject:** RE: Watkins v. Infosys - Request for Discovery Conference

Brian,

As discussed today, Defendant will provide supplemental documents and supplemental answers to Interrogatory Nos. 1 and 6 and Request for Production Nos. 6 and 7 by November 12th.  We will also produce a signed verification page from our client, and in doing so I will confirm Defendant's responses to Request for Production No. 1 and 8.

As to the other issues we discussed regarding location and timing of depositions, the case schedule, and e-discovery, I look forward to touching base with you further next week on Wednesday, November 5th.

Thank you,

Monica

**Monica Torrez-Pfister**
**Attorney at Law**

**Jackson Lewis P.C.**
www.jacksonlewis.com
Phone:  (206) 626-6434
Cell:  (510) 468-0345
Fax:  (206) 405-4450
E-mail:  monica.torrez@jacksonlewis.com
My Bio

520 Pike Street, Suite 2300
Seattle, Washington 98101

**Representing management exclusively in workplace law and related litigation.**



**From:** Brian L. Dolman [mailto:Brian@lonnquistlaw.com]
**Sent:** Wednesday, October 29, 2014 4:05 PM
**To:** Torrez-Pfister, Monica (Seattle)
**Subject:** RE: Watkins v. Infosys - Request for Discovery Conference


Monica -

I write in advance of our discovery conference on Thursday and will address the issues raised below.

Dean Report: You are correct that my inquiry was limited to Exhibit 34. For your information, there are a few other redactions elsewhere, but I believe such redactions are based on attorney-client privilege and will be properly detailed in a privilege log. I do not have concern about those other redactions at this time.

As to Defendant's responses to Plaintiff's first set of discovery, the following is a summary of my concerns:

Interrogatory No. 1: Response not sufficient and information should have been supplied without the prerequisite of the now-completed discovery conference regarding e-discovery. Defendant also failed to verify discovery responses by appointing a representative to revise and sign the same.

Interrogatory No. 2: Identifies Mr. Moorthy, but does not identify other personnel involved.

RFP No. 1: Defendant refers to the need to supplement this request. Have all personnel records been produced at this time?

RFP No. 2: What is the basis for the assertion of attorney-client or work product privilege? Have all responsive documents been produced?

Interrogatory No. 6: Response incomplete.

RFP No. 6: Response incomplete.

RFP No. 7: Has Defendant produced the documents that were identified as "forthcoming?"

RFP No. 8: Have all organizational charts been produced?

Stipulated Protective Order: Many responses suggest that Defendant will produce documents pending the entry of a SPO. From my recollection, the production beyond entry of the SPO was fairly limited. Does Defendant plan to produce additional documents pursuant to this statement of reservation, but has not yet done so at this time?


I look forward to talking with you tomorrow afternoon.


Thanks, Brian


-----Original Message-----
From: Torrez-Pfister, Monica (Seattle) [mailto:Monica.Torrez@jacksonlewis.com]

3

Sent: Fri 10/24/2014 6:07 PM
To: Brian L. Dolman; Johnsrud, Barry Alan (Seattle)
Cc: lojal@aol.com
Subject: RE: Watkins v. Infosys - Request for Discovery Conference

Brian,

In response to your email below and in order to make our discovery call on Thursday more productive, can you please tell me specifically what incomplete discovery responses you are referring to?  We are not aware of any incomplete discovery responses provided to plaintiff.

As you know, we have been working with our client on the e-discovery element and should be able to provide you with a better timeframe for a supplemental production by Thursday.  Also, in response to your inquiry from our last phone call about Interrogatory No. 6 and Request for Production No. 6, we answered both discovery responses in terms of the ETA unit of Infosys (formerly E&R), and you informed us that you are interested in obtaining the information requested in Rog No. 6 and RFP No. 6 for all of Infosys.  We will discuss our position regarding these discovery requests with you during our call on Thursday,

Also, in preparation for our discovery conference, can you please provide more details on what you are referring to as "privileged" in the Rebecca Dean report.  Are you referring the redacted employee names on page 3 of Exhibit 34?  I believe that we can provide the names to you now that SPO has been entered.  I am not aware of any other claim of privilege in the exhibits to the Dean report, and I have confirmed that we have provided all exhibits to you.

We look forward to speaking with you further on Thursday, October 30.

Thank you,

Monica


Monica Torrez-Pfister
Attorney at Law

Jackson Lewis P.C.
www.jacksonlewis.com<http://www.jacksonlewis.com/>
Phone:  (206) 626-6434
Cell:  (510) 468-0345
Fax:  (206) 405-4450
E-mail:  monica.torrez@jacksonlewis.com<mailto:monica.torrez@jacksonlewis.com>
My Bio<http://www.jacksonlewis.com/people.php?PeopleID=2080>

520 Pike Street, Suite 2300
Seattle, Washington 98101

Representing management exclusively in workplace law and related litigation.

[Description: Description: Description: 2014 Law Firm of the Year]

From: Brian L. Dolman [mailto:Brian@lonnquistlaw.com]
Sent: Friday, October 24, 2014 4:43 PM
To: Johnsrud, Barry Alan (Seattle); Torrez-Pfister, Monica (Seattle)
Cc: lojal@aol.com
Subject: Watkins v. Infosys - Request for Discovery Conference

Barry & Monica -

This follows our recent discussion and agreement to conduct a discovery conference on Thursday October 30, 2014, at 3:30 p.m.  I understand that Monica will provide me with conference line information to call into at that time.  From my perspective, the purpose of this teleconference is to discuss Defendant's incomplete responses to Plaintiff's first discovery requests, witness availability for depositions and a claim of privilege in the exhibits of the Rebecca Dean report.  We will also continue our discussion regarding the scheduling of depositions and how that may affect our current case schedule.

In preparation for our discovery conference, I will also confer with my client about various issues raised during our discussion today. I look forward to talking to you next week.

Brian L. Dolman
Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500
Seattle, WA 98101-3021
206.622.2086

CONFIDENTIAL COMMUNICATION: This transmission is intended for the sole use of the intended recipient and may contain information that is protected by attorney/client privilege, work product doctrine or otherwise exempt from disclosure under applicable law. Any unauthorized dissemination, distribution or duplication by someone other than the intended recipient is strictly prohibited. If you believe you have received this transmission in error, please immediately notify the sender and delete it.

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

EXHIBIT 10

## Brian L. Dolman

| | |
|---|---|
| **From:** | Brian L. Dolman |
| **Sent:** | Tuesday, December 23, 2014 4:17 PM |
| **To:** | Katzenstein, Krissy A. (kkatzenstein@morganlewis.com) |
| **Cc:** | Belzberg, Adam S. (adam.belzberg@stoel.com); gstohner@morganlewis.com; 'Judith Lonnquist (lojal@aol.com)'; Jennifer T. Song |
| **Subject:** | FRCP 37 Discovery Conference |

Ms. Katzenstein –

In anticipation of the case management teleconference that was scheduled for this morning, Plaintiff had requested and expected to receive the following information from your office: 1) The availability of previously requested employee witnesses for depositions; and 2) A reasonable estimate as to when Defendant anticipates providing full and complete responses to outstanding discovery requests (you will recall that Mr. Stohner acknowledged that the most recent responses were provided simply to preserve Defendant's objections). Plaintiff continues to need this information so that we can proceed with the discovery phase of this litigation. Your cancellation of our meeting this morning was both unexpected and disappointing.

From Plaintiff's perspective, the parties had scheduled several teleconferences to accommodate your recent substitution and appearance, promote open communication and to foster a more efficient administration of this case. Despite the respective counsel agreeing in advance to these scheduling commitments, Defendant sought to reschedule or cancel each conference on the same day as our scheduled appointment (most often on very short notice). On each occasion, Plaintiff has been ready and willing to participate. While I understand that we are all busy, this pattern is not conducive to a professional respect for our respective time commitments, nor does it encourage future cooperative efforts to schedule matters that will involve many moving parts.

In terms of discovery depositions, Plaintiff had respectfully requested that Defendant provide dates of availability for a handful of key witnesses that include Tan Moorthy, Nandita Gurjar, Lisa Kidd, Holly Benson and Martha McGaw. After two months and several follow-up requests, Defendant has either neglected or refused to respond. Because it is both inefficient and inconvenient to schedule such matters in a unilateral fashion, I again request the professional courtesy of Defendant and your office to provide dates of availability. In the event that any of these witnesses have left the employ of Infosys, please also indicate if you prefer that my office contact the person directly. Finally, I will note that my office actively engaged in the setting of Plaintiff's deposition without assessing blame or requiring that Defendant first set the previously requested depositions.

Based on the foregoing, I respectfully request that the parties engage in a FRCP 37 discovery conference at 9:00 a.m. (Pacific Time) on Tuesday, December 30, 2015. The purpose of this discovery conference will be to discuss the availability of Defendant's witnesses and to identify areas within the written discovery that need full responses or supplementation. This discovery conference can occur in conjunction with other case management issues that Defendant wishes to discuss. If the time proposed does not work for your schedule, you may select any other time on Tuesday or Wednesday.

Thank you in advance for your thoughtful response to this discovery conference request.

Respectfully,

# Brian L. Dolman
Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500

Seattle, WA 98101-3021
206.622.2086

CONFIDENTIAL COMMUNICATION: This transmission is intended for the
sole use of the intended recipient and may contain information that is protected
by attorney/client privilege, work product doctrine or otherwise exempt from
disclosure under applicable law. Any unauthorized dissemination, distribution
or duplication by someone other than the intended recipient is strictly prohibited.
If you believe you have received this transmission in error, please immediately
notify the sender and delete it.

EXHIBIT 11

## Brian L. Dolman

| | |
|---|---|
| **From:** | Brian L. Dolman |
| **Sent:** | Tuesday, December 30, 2014 3:46 PM |
| **To:** | Katzenstein, Krissy A. (kkatzenstein@morganlewis.com) |
| **Cc:** | gstohner@morganlewis.com; Belzberg, Adam S. (adam.belzberg@stoel.com); 'Judith Lonnquist (lojal@aol.com)'; Jennifer T. Song |
| **Subject:** | FCRP 37 Follow-up |

Krissy –

Thank you for your participation in the FRCP 37 conference this morning. Although we were unable to immediately resolve any of my concerns, I understand that you and Mr. Stohner will be providing a substantive position statement to me next week on Wednesday. This response will include a reasonable estimate as to when Defendant will supplement the responses, where applicable.

I likewise agreed to respond on the same day with suggested search terms for ESI and an initial response in regard to your concern about Ms. Watkins' method for safeguarding her employment-related data. Again, if you are aware of any documents or data you believe to be altered or missing, then please indicate the same so that I may attempt to alleviate your concerns. So far, I understand Defendant's concern to be based on nothing more than conjecture that a high performing employee would spoil evidence in a case where she must overcome the burden of substantiating her claims.

On a related matter, our discovery conference was laborious to the point that I completely forgot to ask about the availability of Defendant's witnesses. I again request that Defendant state the availability of the previously identified individuals as your earliest opportunity.

Finally, I mentioned Rebecca Dean's deposition and the alleged number of individuals that were impacted by the cost optimization initiative. To assist your analysis, the following is an excerpt from Ms. Dean's deposition:

Dean Dep. at 145:19
            145
19        Who made the decision to close E & R in
20   the United States and Canada?
21      A.  It's my understanding that that was Nandita's
22   decision.
23      Q.  And that was something that Tan told you?
24      A.  Let me check my notes. I think that's
25   something that Nandita told me.
            146
1       Q.  Well, you raised that as one of the issues
2    that you thought was significant from Tan.
3       A.  Sure.
4           Oh, another thing he said to her about
5    compensation -- I need to be complete -- is that
6    in April of 2013, I asked him if he made a commitment
7    to her and he said emphatically no, he didn't make a
8    commitment for the future.
9           With regard to closing the E & R units,
10   what Tan told me was that the decision was made after
11   the chairman had returned, but it was around the third

1

12   week in June when the chairman decided to implement
13   the cost optimization program, and he thought
14   that that was implemented in early July.
15       Q.  Then you asked about how widespread the RIF
16   was.
17       A.  I did.
18       Q.  And what was the response?
19       A.  I asked him about the number of people
20   affected, roughly, and he said that across the
21   board -- I was not looking for exact numbers, I was
22   just trying to get a sense of the magnitude -- he said
23   it was about 200 people, but he qualified that by
24   saying that there were people who left, who had
25   resigned when the process was going on rather
                        147
1   than waiting for the reduction in force.
2       Q.  Did you learn, either from Mr. Moorthy or
3   anyone else, that the job into which Marilyn was hired
4   expanded under Mr. Moorthy's supervision?
5       A.  Ms. Watkins described some changes in
6   responsibility during my interview with her.

I look forward to your response regarding the availability of the requested witnesses.  Please feel free to contact my office should desire to discuss any of the matters raised above.

Sincerely,

## Brian L. Dolman

Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500
Seattle, WA  98101-3021
206.622.2086

CONFIDENTIAL COMMUNICATION: This transmission is intended for the
sole use of the intended recipient and may contain information that is protected
by attorney/client privilege, work product doctrine or otherwise exempt from
disclosure under applicable law. Any unauthorized dissemination, distribution
or duplication by someone other than the intended recipient is strictly prohibited.
If you believe you have received this transmission in error, please immediately
notify the sender and delete it.

EXHIBIT 12

## Brian L. Dolman

| | |
|---|---|
| **From:** | Brian L. Dolman |
| **Sent:** | Friday, January 09, 2015 5:10 PM |
| **To:** | Katzenstein, Krissy A. (kkatzenstein@morganlewis.com) |
| **Cc:** | Jennifer T. Song |
| **Subject:** | FW: Agreement re case schedule/trial date |
| **Attachments:** | image001.png |

Krissy -

Thank you for hosting the teleconference this afternoon.  As we discussed, Defendant is willing to participate in a judicial status conference and will state its agreement to keep the present mediation date of February 24, as well as explore an extension of the discovery cutoff.  Considering the present state of discovery and the fact that parties have only taken one deposition, Plaintiff proposes a 30-day extension.  I will keep you apprised regarding any response from Judge Coughenour's staff.

I also sought clarification of your position in regard to the requested depositions for Ms. Gurjar and Mr. Moorthy, but you were unable or unwilling to provide a clear response on behalf of Defendant.  It is my experience that the parties agreed to a deposition of Mr. Moorthy in the United States.  Pursuant to your request, the email string with Mr. Johnsrud is included below.  I anticipate your response on this issue early next week.

As to Ms. Gurjar, you observed that this witness is in communication and has cooperated with the defense during this case.  As such, Plaintiff remains perplexed by your offer that Ms. Gurjar will submit to a jurisdiction outside of India at an unspecified locale, but is apparently unwilling to travel to the United States.  Because Ms. Gurjar is a cooperative defense witness and will almost certainly appear at trial, I am hopeful that Defendant and Ms. Gurjar might offer a more workable solution.  I look forward to receiving your suggestions early next week.

Brian L. Dolman
Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500
Seattle, WA  98101-3021
206.622.2086

CONFIDENTIAL COMMUNICATION: This transmission is intended for the sole use of the intended recipient and may contain information that is protected by attorney/client privilege, work product doctrine or otherwise exempt from disclosure under applicable law. Any unauthorized dissemination, distribution or duplication by someone other than the intended recipient is strictly prohibited.
If you believe you have received this transmission in error, please immediately notify the sender and delete it.

-----Original Message-----
From: Johnsrud, Barry Alan (Seattle) [mailto:Barry.Johnsrud@jacksonlewis.com]
Sent: Tuesday, November 11, 2014 1:36 PM
To: Brian L. Dolman; Johnsrud, Barry Alan (Seattle)
Cc: Torrez-Pfister, Monica (Seattle); lojal@aol.com
Subject: Re: Agreement re case schedule/trial date

Brian,

I am glad we got an opportunity to talk today. Just as you do not accept my account of the delays in discovery, I do not accept yours—not entirely. The fault (if there is any) for the delay in the case schedule is shared between both sides. Let's just work to get the necessary discovery done as expeditiously and with the lowest cost to both sides as possible.

Because we have now gone into the battle of documentation and counter-documentation, I cannot simply let your narrative below stand unanswered in writing. This is not intended as a narrative memorandum of our conversation.

However, I did want to express in writing my request that plaintiff uncouple consent to a stipulation for a needed case schedule change from the production of a witness no longer under Infosys's control. Specifically, we will agree to produce Tan Moorthy in the US and will also agree to request Nandita Gurjar's cooperation in giving her deposition in the US, including the company deferring her travel expenses. If that does not work for you and your client, we will have to look at a January trip to India. Let's just work this out without a lot of positioning—cases with international witnesses are complex when it comes to scheduling. We are simply asking that both sides be flexible.

I will be back to you tomorrow regarding mediators. As I mentioned, please let us know your available dates for deposition, allowing for travel to either California or Dallas in December and January. Also, please let me know available dates for the plaintiff's deposition prior to December 18. I will have a proposal for you for Tan Moorthy's deposition soon. The others will follow.

Barry

Barry Alan Johnsrud
Attorney at Law
Jackson Lewis LLP
520 Pike Street, Suite 2300
Seattle, WA 98101-4099
206.626.6411 | Direct
253.307.5180 | Mobile
206.405.4450 | Fax
Representing management exclusively in workplace law matters and related litigation.

From: Brian Dolman <brian@lonnquistlaw.com<mailto:brian@lonnquistlaw.com>>
Date: Monday, November 10, 2014 at 11:54 AM
To: Barry Johnsrud <Barry.Johnsrud@jacksonlewis.com<mailto:Barry.Johnsrud@jacksonlewis.com>>
Cc: "Torrez-Pfister, Monica (Seattle)" <Monica.Torrez@jacksonlewis.com<mailto:Monica.Torrez@jacksonlewis.com>>, Judith Lonnquist <lojal@aol.com<mailto:lojal@aol.com>>
Subject: RE: Agreement re case schedule/trial date

Barry –

I write to acknowledge your email response and to encourage you to contact my office at your earliest opportunity this week. I am generally available to discuss the various case management and logistical concerns in this case.

Although I do not wish to incite further discord, I also do not want Plaintiff's lack of response to be confused with assent to your version of the events depicted below. For instance, your office did not contact me about this case on Thursday, November 6. Rather, Ms. Torrez and I conversed on Wednesday, November 5, which followed our earlier discovery conference on Thursday, October 30. You did not attend either teleconference. During the latter teleconference, Ms. Torrez light-heartedly stated, "Looks like we won't have to travel to India." I offer this observation not to suggest that Defendant made an enforceable commitment, but to explain Plaintiff's perspective as to our apparent communication

difficulties. If your client does not wish to collaborate on these case management issues, then we will all have to deal with the consequences. Plaintiff just needs some clear communication and timely decisions from your office.

Case Schedule: As to an extension of the trial date and case scheduling deadlines, I must reiterate my approach when floating this potential compromise. Specifically, Plaintiff offered to jointly seek an extension of the case schedule in exchange for Defendant's commitment to tender key witnesses in the US for discovery depositions. It appears that Defendant now no longer views this as a worthwhile or logistically reasonable compromise. While you suggest that Defendant may perpetuate the testimony of Ms. Gurjar, I find it difficult to believe that Defendant would proceed to trial without the live testimony of this key witness. I would also be surprised if Ms. Gurjar offered anything less than her enthusiastic assistance to Infosys after many successful years of employment and receiving the benefit of a sabbatical.

Electronic Discovery Conference: You are correct that the respective counsel did have busy litigation calendars and that we did not convene the requested electronic discovery conference until October 14. Regardless, Plaintiff's First Interrogatories and Requests for Production of Documents did not require such a discovery conference for Defendant to provide full and complete responses. You were also very frank when stating that Defendant had not provided you with timely information, nor had the company completed its task of compiling the electronic information that you wished to discuss. You also candidly admitted that your office had not yet reviewed any electronic data (as would normally have been the case at that point) and, as such, a discussion of search terms was premature. In my teleconference on October 30, I also learned that the laptops of Mr. Moorthy and Ms. Gurjar, two key witnesses, still had not been imaged. This being the case, the timing of our electronic discovery conference has little, if anything, to do with our current situation.

Request to Cooperate in Scheduling Mediation: On October 24, I identified with some urgency the ADR deadline and provided you with five options to select a 39.1-qualified mediator. Having received no response, I then asked you to identify which mediators you found acceptable by Friday, November 7. Your email below addressed the issue, but was not responsive to my request. Plaintiff is very interested to secure December 19 (or other limited alternatives) as a date for mediation with a mediator that we both find acceptable. Please recognize this as Plaintiff's plea for your timely assistance in regard to this crucial case scheduling commitment.

Request to Cooperate in Scheduling Depositions: On October 24, I identified a list of individuals that Plaintiff desires to examine. I also provided you with ample notice of potential dates for these depositions. Other than suggesting that the first week of December does not work for your schedule, your office has not substantively responded to this email. Please kindly let me know if you want to cooperate in scheduling such matters, of if I should start scheduling depositions in a unilateral fashion. As you know, time is of the essence when it comes to cooperatively scheduling depositions in this litigation.

Thank you in advance for your thoughtful consideration of the issues raised above. I look forward to receiving your call very soon.

Sincerely,

Brian L. Dolman
Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500
Seattle, WA 98101-3021
206.622.2086

CONFIDENTIAL COMMUNICATION: This transmission is intended for the sole use of the intended recipient and may contain information that isprotected by attorney/client privilege, work product doctrine or otherwise exempt from disclosure under applicable law. Any unauthorized dissemination, distribution or duplication by someone other than the intended recipient is strictly prohibited.
If you believe you have received this transmission in error, pleaseimmediately notify the sender and delete it.

From: Johnsrud, Barry Alan (Seattle) [mailto:Barry.Johnsrud@jacksonlewis.com]
Sent: Friday, November 07, 2014 11:23 AM
To: Brian L. Dolman; Torrez-Pfister, Monica (Seattle)
Cc: lojal@aol.com<mailto:lojal@aol.com>
Subject: RE: Agreement re case schedule/trial date

Brian,

To clarify, there is has been no backtracking or flip-flopping on any commitments by defendant. Defendant agrees that the case schedule should be extended in this matter, but there has been no commitment to produce witnesses in the U.S. We agreed to look into the possibility of tendering Tan Moorthy and Nandita Gurjar in the U.S. for their depositions in conjunction with other company business, but did not promise or commit that this would occur. As explained to you yesterday, we recently learned that Moorthy does travel to the U.S. for business occasionally, but we are not yet sure of his scheduled travel to the U.S. or ability to travel before the discovery cut-off date in this matter. Your characterization of any agreement or commitment to do anything more than explore U.S.-based depositions for these witnesses is misplaced. We will continue to work cooperatively on the scheduling of witnesses as we always have with your firm.

Regarding Gurjar, we learned today that she is back in India, and she is no longer an employee of Infosys. Thus, Infosys has no control to require her deposition in the U.S. Ms. Gurjar is available in January to be deposed in India, as long as she has reasonable advance notice. We will need at least a few weeks notice if you do proceed with noting her deposition in India. In fact, we should discuss now when we will be going to India in January, as we will want to preserve Gurjar's testimony even if you do not.

With this said, we are still communicating with Gurjar and Moorthy to determine if their depositions can take place in the U.S. We will update you as soon as we hear definitively. However, at this time, you should assume that they will take place in India. We do not think that the case schedule should be held hostage to your understandable desire that all depositions occur in the U.S. Quite simply, Moorthy and Gurjar both had their residence and principal place of business in India. Perhaps we can complete the other depositions but for these two within the current cutoff and extend the cutoff only for these two depositions? We are also willing to explore videoconference connections so that you can avoid the travel to India, which we recognize will be arduous.

With regard to the electronic discovery in this matter, you indicate defendant has been slow to comply with discovery or to gather electronic data. We recognize that the e-discovery in this case has moved more slowly than in some other cases, and that the defendant bears some responsibility for the delay. However, it is not accurate to put all of the delay at defendant's feet. Rather, we initially requested a meet and confer to discuss e-discovery issues and the appropriate limitations for custodians and search terms on July 8. Yet we did not have the conference in question until October 14. There were many reasons for this, but some of them were that your office was occupied in multiple trials, and the parties were engaged in early resolution discussions that delayed us from moving forward on expensive discovery. We were of course willing to respect your trial calendar, and we will expect the same cooperation on witness scheduling that we usually have with you. Let's not make a scheduling puzzle into a problem that interferes with the just and expeditious resolution of the case.

I will be discussing your proposed mediators with our client today and have ideas to discuss with you on Monday or Tuesday. Of the mediators you listed, John Aslin is not acceptable to us. I would appreciate it if you would call me to discuss Sasha Philip as I am not familiar with her. What are your thoughts about Lewis Peterson?

We have in the past and will continue to work with your firm in producing witnesses for their depositions, and with completing all other written discovery and document production diligently and completely. We trust that we can return to the productive dialogue we have always enjoyed with you and figure out a way to complete discovery either within the current schedule or with a brief extension as you have suggested.

Please let us know if you wish to discuss further.

Barry


Barry Alan Johnsrud
Attorney at Law
Jackson Lewis PC
Phone: (206) 626-6411
Mobile: (253) 307-5180
Fax: (206) 405-4450
E-mail: johnsrudb@jacksonlewis.com<mailto:johnsrudb@jacksonlewis.com>
Suite 2300
520 Pike Street
Seattle, Washington 98101
Representing management exclusively in workplace law and related litigation.

[Description: Description: Description: 2014 Law Firm of the Year]

From: Brian L. Dolman [mailto:Brian@lonnquistlaw.com]
Sent: Wednesday, November 05, 2014 5:17 PM
To: Torrez-Pfister, Monica (Seattle)
Cc: Johnsrud, Barry Alan (Seattle); lojal@aol.com<mailto:lojal@aol.com>
Subject: RE: Agreement re case schedule/trial date

Monica –

I appreciate your response, but I am disturbed that Defendant is backing off its commitment. As you know, Plaintiff originally proposed an extension of the case schedule/trial date in exchange for the agreement regarding the specified witness appearances. From Plaintiff's perspective, these issues cannot and will not be separated from one another. Last week during our scheduled discovery conference, I again sought Defendant's agreement and you responded that you still needed additional time. The persistent delay and current flip-flopping is unacceptable and a waste of our valuable time to manage this case (this is without mentioning Defendant's admitted slow responses to comply with discovery or to gather electronic data). I ask that Defendant come to the table and rectify this immediately.

Please confirm no later than 11 a.m. on Friday, November 7, 2014, that Defendant agrees to the trial date extension and witness appearance issues (I do not need deposition dates, only confirmation of Defendant's commitment). Otherwise, Plaintiff will proceed in accordance with the current case schedule. As such, I will require your response regarding mediator selection so that we may immediately schedule a date for mediation before the ADR cutoff. If Defendant fails to respond on the pressing matter of ADR, we will bring this to the attention of Judge Coughenour and ask that he assign a mediator.

Respecfully,

Brian L. Dolman
Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500
Seattle, WA  98101-3021
206.622.2086

CONFIDENTIAL COMMUNICATION: This transmission is intended for the sole use of the intended recipient and may contain information that isprotected by attorney/client privilege, work product doctrine or otherwise exempt from

disclosure under applicable law. Any unauthorized dissemination, distribution or duplication by someone other than the intended recipient is strictly prohibited.

If you believe you have received this transmission in error, pleaseimmediately notify the sender and delete it.

From: Torrez-Pfister, Monica (Seattle) [mailto:Monica.Torrez@jacksonlewis.com]
Sent: Wednesday, November 05, 2014 4:44 PM
To: Brian L. Dolman
Cc: Johnsrud, Barry Alan (Seattle)
Subject: RE: Agreement re case schedule/trial date

Brian,

We agree that the case schedule should be extended.   Based on the feedback we have received so far, it appears that travelling to the U.S. is a possibility for Tan and Nandita.  However, we cannot yet agree that either one will be produced here for certain.  We are currently working with Tan and Nandita to determine if and when they may be available to come to the U.S. for their deposition.  I will update you as soon as I confirm Tan and Nandita's travel schedules and availability.

Given the upcoming deadlines in this case, we would like to move forward with moving out the trial date and related dates, but do not think it should be conditioned on the production of Tan and Nandita in the U.S.  Given the location of the witnesses in this case and discovery yet to be completed on both sides, there is a clear need to extend the trial date and related dates in this matter.

As to items three and four on your list below, we are agreeable to a trial date in September or October and subject to the court's availability.   As to mediation, we are reviewing your proposal of mediators and will get back to you.

Thank you,

Monica

Monica Torrez-Pfister
Attorney at Law

Jackson Lewis P.C.
www.jacksonlewis.com<http://www.jacksonlewis.com/>
Phone:  (206) 626-6434
Cell:  (510) 468-0345
Fax:  (206) 405-4450
E-mail:  monica.torrez@jacksonlewis.com<mailto:monica.torrez@jacksonlewis.com>
My Bio<http://www.jacksonlewis.com/people.php?PeopleID=2080>

520 Pike Street, Suite 2300
Seattle, Washington 98101

Representing management exclusively in workplace law and related litigation.

[Description: Description: Description: 2014 Law Firm of the Year]

From: Brian L. Dolman [mailto:Brian@lonnquistlaw.com]
Sent: Wednesday, November 05, 2014 4:26 PM
To: Torrez-Pfister, Monica (Seattle)

Cc: Johnsrud, Barry Alan (Seattle)
Subject: Agreement re case schedule/trial date

Monica –

Thank you for your return phone call this afternoon. This will confirm that the parties have an agreement to extend the case schedule/trial date in this matter in conjunction with Defendant's agreement to tender Nandita Gurjar and Tan Moorthy for depositions here in the United States. The agreement remains subject to the parties ironing out the remaining details, which include the following:

1.     Location of depositions for Gurjar and Moorthy. Plaintiff contemplates LA/Orange County, as these witnesses will almost certainly fly into LAX before connecting on another flight to a different office location, if any.

2.     Identification of Ms. Gurjar's employment status and whether she remains under the command and control of Defendant. If the company is somehow unable to direct her appearance for a deposition, you will ascertain whether Ms. Gurjar will appear of her own free will.

3.     A mutual agreement as to length of the time to extend the trial date. Plaintiff contemplates no more than a 3-4 month extension, but we also desire to be sensitive to any conflicting dates on your respective trial calendars.

4.     Entry of a stipulation regarding extension of the trial date.

On a somewhat related matter, Plaintiff also seeks Defendant's input on the selection of a mediation. However, with the trial date agreement referenced above, the pressure to schedule a mediator at this time is far less emergent.

Please let me know if you have any questions or comments regarding the summary of our case management intentions as outlined above.

Thank you,

Brian L. Dolman
Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500
Seattle, WA 98101-3021
206.622.2086

CONFIDENTIAL COMMUNICATION: This transmission is intended for the sole use of the intended recipient and may contain information that isprotected by attorney/client privilege, work product doctrine or otherwise exempt from disclosure under applicable law. Any unauthorized dissemination, distribution or duplication by someone other than the intended recipient is strictly prohibited.
If you believe you have received this transmission in error, pleaseimmediately notify the sender and delete it.


Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

7

EXHIBIT 13

## Brian L. Dolman

| | |
|---|---|
| **From:** | Brian L. Dolman |
| **Sent:** | Friday, January 16, 2015 1:27 PM |
| **To:** | 'George Stohner' |
| **Cc:** | Belzberg, Adam S. (adam.belzberg@stoel.com); Jennifer T. Song |
| **Subject:** | Watkins - FRCP 37 Discovery Conference |

George –

Thank you for speaking with me this afternoon during your travels.  As I indicated, I've experienced significant difficulty getting an answer from Krissy in regard to Defendant's position on the depositions of Tan and Nandita.  Because I encountered a similar experience with prior counsel, I attribute this situation to Defendant directly and not onto your colleague.  That being said, Krissy stated that she would provide me an answer on several occasions, each of which have passed with silence and without the courtesy of a reasonably explanation.

As we discussed, I intend to conduct a FRCP 37 discovery conference on Tuesday, January 20, 2015 at 5:00 p.m. (Pacific Time) for the express purpose of receiving Defendant's position on arranging for the depositions of Tan and Nandita in the United States.  Also, because Faegre Baker Daniels LLP does not have offices in San Francisco and Dallas, we may also need to discuss the logistics for the depositions of McGaw, Kidd and Benson.  Plaintiff also intends to finalize the scheduling of these depositions.  Because you were unable to refer to your calendar, please kindly respond with an alternative time in the event you have a conflict with the time for this discovery conference.

I appreciated your willingness to discuss these matters and look forward to further collaborating next week.

Sincerely,

## Brian L. Dolman
Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500
Seattle, WA  98101-3021
206.622.2086

CONFIDENTIAL COMMUNICATION: This transmission is intended for the
sole use of the intended recipient and may contain information that is protected
by attorney/client privilege, work product doctrine or otherwise exempt from
disclosure under applicable law. Any unauthorized dissemination, distribution
or duplication by someone other than the intended recipient is strictly prohibited.
If you believe you have received this transmission in error, please immediately
notify the sender and delete it.

EXHIBIT 14

**Brian L. Dolman**

| | |
|---|---|
| **From:** | Brian L. Dolman |
| **Sent:** | Thursday, January 22, 2015 3:45 PM |
| **To:** | 'Belzberg, Adam S.'; george.stohner@faegrebd.com |
| **Cc:** | Dombek, Jamie R. |
| **Subject:** | RE: Watkins - Discovery Conf of 1/20 [S-R.0080127.00001] |

Excellent. I am glad to hear that Defendant will designate witnesses for those upcoming depositions. I look forward to receiving your designations next week.

Thank you for your response,

## Brian L. Dolman

Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500
Seattle, WA 98101-3021
206.622.2086

CONFIDENTIAL COMMUNICATION: This transmission is intended for the
sole use of the intended recipient and may contain information that is protected
by attorney/client privilege, work product doctrine or otherwise exempt from
disclosure under applicable law. Any unauthorized dissemination, distribution
or duplication by someone other than the intended recipient is strictly prohibited.
If you believe you have received this transmission in error, please immediately
notify the sender and delete it.

---

**From:** Belzberg, Adam S. [mailto:adam.belzberg@stoel.com]
**Sent:** Thursday, January 22, 2015 3:33 PM
**To:** Brian L. Dolman; george.stohner@faegrebd.com
**Cc:** Dombek, Jamie R.
**Subject:** RE: Watkins - Discovery Conf of 1/20 [S-R.0080127.00001]

Brian,

Thank you for the email following up on our January 20 discovery conference.

With respect to your summary of our discussion about the 30(b)(6) depositions you noted for February 10 and 11, Mr. Stohner did not state or indicate that Defendant would be unable or unwilling to designate any 30(b)(6) deponents. To the contrary, I understood Mr. Stohner to make it clear that Defendant is seeking to identify 30(b)(6) deponents who can testify regarding the identified topics.

Thank you for also proposing dates for the Benson, Kidd, and McGaw depositions. We are in the process of checking their availability, and will get back to you with final confirmation by Tuesday, January 27.

Regards,

Adam

**Adam S. Belzberg** | Partner
**STOEL RIVES LLP** | 600 University Street, Suite 3600 | Seattle, WA 98101
Direct: (206) 386-7516 | Fax: (206) 386-7500

1

adam.belzberg@stoel.com | www.stoel.com

**From:** Brian L. Dolman [mailto:Brian@lonnquistlaw.com]
**Sent:** Wednesday, January 21, 2015 4:15 PM
**To:** george.stohner@faegrebd.com
**Cc:** Belzberg, Adam S.
**Subject:** Watkins - Discovery Conf of 1/20

Gentlemen –

I write as a follow-up to our discovery conference of yesterday evening. Please kindly respond or provide any corrections as you deem appropriate:

**Depositions of Gurjar & Moorthy:** Defendant finally responded to my many requests by stating that it would not arrange for these witnesses to appear in the United States for depositions. Although Ms. Gurjar has assisted in the defense of this case, she is either not willing or Defendant is unwilling to host her travel outside of India; although Ms. Katzenstein posited that Ms. Gurjar might travel to another location, you were unable to further define this potential solution. I will gladly receive any additional input on this issue from your office next week. Also, despite Mr. Moorthy's status as an Executive Vice President and head of HRD, you stated that he unwilling to travel to the United States at this time. As to any prior agreements regarding Mr. Moorthy's appearance in the United States, Defendant disavows the same.

When asked why it took so long for Defendant to state a blanket denial to my long standing request to take the depositions of these former supervisors, Mr. Stohner responded by stating, "Blame me."

**30(b)(6) Designations:** There are 30(b)(6) depositions scheduled for February 10 and 11, 2015. Defendant stated that it does recognize any available designees that can testify to the matters described in the deposition notices. Mr. Stohner also stated that he does not anticipate that Defendant will be able to designate any representatives to appear at these depositions.

**Depositions of McGaw, Kidd & Benson:** Pursuant to your request, Plaintiff identifies March 3 or 4 as dates for Ms. McGaw. Plaintiff also identifies March 12 and 13 for the depositions of Kidd and Benson. The locations will be identified, as Defendant's prior offer to hold the depositions at the offices of Morgan Lewis LLP may be subject to change. Please immediately contact my office if you find conflict with these dates, as I would like to provide you the necessary notices and make travel arrangements in the coming days.

**ESI Search Terms:** Pursuant to Ms. Katzenstein's earlier request, Plaintiff provided Defendant with her search term recommendations. Mr. Stohner agreed to provide Defendant's list of search terms in his response to my office next week.

Sincerely,

# Brian L. Dolman
Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500
Seattle, WA 98101-3021
206.622.2086

CONFIDENTIAL COMMUNICATION: This transmission is intended for the sole use of the intended recipient and may contain information that is protected by attorney/client privilege, work product doctrine or otherwise exempt from disclosure under applicable law. Any unauthorized dissemination, distribution or duplication by someone other than the intended recipient is strictly prohibited. If you believe you have received this transmission in error, please immediately notify the sender and delete it.

# EXHIBIT 15

**Brian L. Dolman**

| | |
|---|---|
| **From:** | Brian L. Dolman |
| **Sent:** | Thursday, January 22, 2015 3:17 PM |
| **To:** | George Stohner (george.stohner@faegrebd.com) |
| **Cc:** | Belzberg, Adam S. (adam.belzberg@stoel.com) |
| **Subject:** | FRCP 37 Conference Request |

Gentlemen –

I am in receipt of Defendant's most recent discovery responses.  Because most of these responses are objections, it seems that we need to have another discovery conference.  Please be advised that I intend to initiate a FRCP 37 discovery conference on Monday, January 26, 2015, at 5:00 p.m. (Pacific Time) for the purpose of discussing possible resolution of these objections/conflicts.  I am also available tomorrow and at other times on Monday if you prefer.

Thank you in advance for your attention this matter.

Respectfully,

## Brian L. Dolman
Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500
Seattle, WA  98101-3021
206.622.2086

CONFIDENTIAL COMMUNICATION: This transmission is intended for the sole use of the intended recipient and may contain information that is protected by attorney/client privilege, work product doctrine or otherwise exempt from disclosure under applicable law. Any unauthorized dissemination, distribution or duplication by someone other than the intended recipient is strictly prohibited. If you believe you have received this transmission in error, please immediately notify the sender and delete it.

EXHIBIT 16

Honorable John C. Coughenour

RECEIVED

JAN 22 2015

LAW OFFICES OF
JUDITH A. LONNQUIST

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARILYN WATKINS,

Plaintiff,

v.

INFOSYS, d/b/a INFOSYS, Ltd.,

Defendant.

Case No. 2:14-cv-00247 JCC

DEFENDANT'S RESPONSE TO
PLAINTIFF'S THIRD SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26, 33, 34 and 37 of the Federal Rules of Civil Procedure, Defendant Infosys d/b/a Infosys, Ltd. ("Defendant") responds to the following Interrogatories and Requests for Production propounded by the Plaintiff Marilyn Watkins ("Plaintiff").

## GENERAL OBJECTIONS

1.      Defendant objects to these discovery requests to the extent that they seek to impose duties or obligations that exceed the requirements of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Western District of Washington.

2.      Defendant objects to providing any information that is subject to the attorney-client privilege, the work product protection, or any other privilege or protection which Defendant asserts the following requests seek.

DEFENDANT'S RESPONSE TO PLAINTIFF'S
THIRD SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS - Page 1

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle,
WA 98101
Telephone (206) 624-0900

78045666.1 0080127-00001

1 | <u>**REQUESTS FOR PRODUCTION**</u>

2 | <u>**REQUEST FOR PRODUCTION NO. 32**</u>: Produce all announcements, press releases,

3 | presentations, recordings, emails and other documents that identify the closure of the E&R unit,

4 | or may have otherwise been referenced in your answer to Interrogatory No. 23 above.

5 | **RESPONSE:** Defendant objects to this request as overbroad in scope, unduly
burdensome, and not reasonably calculated to lead to the discovery of admissible
6 | evidence. Defendant further objects to the phrase "closure of the E&R unit" as
factually inaccurate. The E&R unit underwent reorganization and is now known
7 | as the ETA unit. Subject to and without waiving its objections, Defendant states
that, to date, it has not identified any announcements, press releases and/or
8 | presentations discussing the reorganization of the E&R unit.

9 | <u>**REQUEST FOR PRODUCTION NO. 33**</u>: Produce all announcements, press releases,

10 | presentations, recordings, emails and other documents that identify the creation of the ETA unit,

11 | or may have otherwise been referenced in your answer to Interrogatory No. 23 above.

12 | **RESPONSE:** Defendant objects to this request as overbroad in scope, unduly
burdensome, and not reasonably calculated to lead to the discovery of admissible
13 | evidence. Defendant further objects to the phrase "creation of the ETA unit" as
factually inaccurate. The E&R unit underwent reorganization and is now known
14 | as the ETA unit. Subject to and without waiving its objections, Defendant states
that, to date, it has not identified any announcements, press releases and/or
15 | presentations discussing the reorganization of the E&R unit.

16 | <u>**REQUEST FOR PRODUCTION NO. 34**</u>: For the period of time concurrent with the

17 | replacing E&R through the creation of the ETA unit, produce all announcements,

18 | correspondence, emails and other documents that identify the selection of employees for

19 | positions within the ETA unit.

20 | **RESPONSE:** Defendant objects to this request as overbroad in scope, unduly
burdensome, and not reasonably calculated to lead to the discovery of admissible
21 | evidence. Specifically, Defendant objects to the extent this request seeks
information regarding ETA positions outside of the United States and/or positions
22 | for which Plaintiff never applied. Defendant further objects on the ground that
the phrase "[f]or the period of time concurrent with the replacing E&R through
23 | the creation of the ETA unit" is vague and ambiguous. Subject to and without
waiving its objections, Defendant states that the E&R unit in the United States
24 | was eliminated in its entirety, and therefore, no positions were filled in the United
States contemporaneously with the reorganization of the E&R unit.

25 |

26 | DEFENDANT'S RESPONSE TO PLAINTIFF'S
THIRD SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS - Page 4

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle,
WA 98101
Telephone (206) 624-0900

1    **REQUEST FOR PRODUCTION NO. 35:**  For the period of January 1, 2012, through

2  the date of her termination, produce all job descriptions, iRace summaries and position

3  inventories for positions held by Plaintiff Marilyn Watkins.

4      **RESPONSE:**  Defendant objects to this request as overbroad in scope, unduly
        burdensome, and not reasonably calculated to lead to the discovery of admissible
5        evidence.  Subject to and without waiving its objections, Defendant will produce
        the job descriptions, iRace summaries and position inventories for the Head –
6        Management and Consulting Skills Development, E&R and Senior Principal
        Business Consulting positions held by Plaintiff between January 1, 2012 and
7        September 30, 2013, if any.

8      **REQUEST FOR PRODUCTION NO. 36:**  For the period of January 1, 2012, through

9  the present date, produce all job descriptions, iRace summaries and position inventories for

10  positions held by Dr. Jayan Sen.

11      **RESPONSE:**  Defendant objects to this request as overbroad in temporal scope,
        unduly burdensome, and not reasonably calculated to lead to the discovery of
12        admissible evidence.  Defendant further objects to the scope of the request to the
        extent it seeks information relating to an employee based outside of the United
13        States.

14      **REQUEST FOR PRODUCTION NO. 37:**  For the period of January 1, 2012, through

15  the present date, produce all job descriptions, iRace summaries and position inventories for

16  positions held by Vishwanath Belliappa Appanderanda.

17      **RESPONSE:**  Defendant objects to this request as overbroad in temporal scope,
        unduly burdensome, and not reasonably calculated to lead to the discovery of
18        admissible evidence.  Defendant further objects to the scope of the request to the
        extent it seeks information relating to an employee based outside of the United
19        States.

20      **REQUEST FOR PRODUCTION NO. 38:**  For the period of January 1, 2012, through

21  the present date, produce all job descriptions, iRace summaries and position inventories for

22  positions held by Subrahmanya S.V.

23      **RESPONSE:**  Defendant objects to this request as overbroad in temporal scope,
        unduly burdensome, and not reasonably calculated to lead to the discovery of
24        admissible evidence.  Defendant further objects to the scope of the request to the
        extent it seeks information relating to an employee based outside of the United
25        States.

26
DEFENDANT'S RESPONSE TO PLAINTIFF'S
THIRD SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS – Page 5

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle,
WA 98101
Telephone (206) 624-0900

78045666.1 0080127-00001

1      **REQUEST FOR PRODUCTION NO. 39:** For the period of January 1, 2012, through

2 the present date, produce all job descriptions, iRace summaries and position inventories for

3 positions held by Subraya B.M.

4      **RESPONSE:** Defendant objects to this request as overbroad in temporal scope,

5 unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the scope of the request to the

6 extent it seeks information relating to an employee based outside of the United States.

7      **REQUEST FOR PRODUCTION NO. 40:** For the period of January 1, 2012, through

8 the present date, produce all job descriptions, iRace summaries and position inventories for

9 positions held by Ramesh Babu S.

10      **RESPONSE:** Defendant objects to this request as overbroad in temporal scope,

11 unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the scope of the request to the

12 extent it seeks information relating to an employee based outside of the United States.

13      **REQUEST FOR PRODUCTION NO. 41:** For the period of January 1, 2012, through

14 the present date, produce all job descriptions, iRace summaries and position inventories for

15 positions held by Dr. J.K. Suresh.

16      **RESPONSE:** Defendant objects to this request as overbroad in temporal scope,

17 unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the scope of the request to the

18 extent it seeks information relating to an employee based outside of the United States.

19      **REQUEST FOR PRODUCTION NO. 42:** For the period of January 1, 2012, through

20 the present date, produce all job descriptions, iRace summaries and position inventories for

21 positions held by Dr. Yogesh Kumar Bhatt.

22      **RESPONSE:** Defendant objects to this request as overbroad in temporal scope,

23 unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the scope of the request to the

24 extent it seeks information relating to an employee based outside of the United States.

25

26 DEFENDANT'S RESPONSE TO PLAINTIFF'S
THIRD SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS - Page 6

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle,
WA 98101
Telephone (206) 624-0900

78045666.1 0080127-00001

1    **REQUEST FOR PRODUCTION NO. 43:** In regard to the period following Nandita

2  Gurjar's announcement of the OCS and GCM procedures, occurring on or about January 15,

3  2013, produce all analyses, classification reviews, role assessments, employee rankings, meeting

4  minutes, discussion notes, emails and other documents pertaining to classifying the position held

5  by Plaintiff Marilyn Watkins.

6      **RESPONSE:**  Defendant objects to this request on the ground that it is unduly
       burdensome and not reasonably calculated to lead to the discovery of admissible
7      evidence. Defendant further objects on the grounds that the terms "OCS,"
       "GCM," "classification reviews," "role assessments," and "employee rankings"
8      are vague and ambiguous. Subject to and without waiving its objections,
       Defendant will produce the job analysis performed in or around January 2013,
9      which relates to Plaintiff's former position as Head – Management and
       Consulting Skills Development, E&R, if any.
10

11    **REQUEST FOR PRODUCTION NO. 44:** For the period of January 1, 2011, through

12  the date of her termination, produce all payroll records, compensation, correspondence, bonus

13  letters, salary increase notifications, emails and other records that reference the compensation for

14  Plaintiff Marilyn Watkins.

15     **RESPONSE:**  Defendant objects to this request as overbroad, unduly
       burdensome, and not reasonably calculated to lead to the discovery of admissible
16     evidence. Defendant further objects to the extent this request seeks information
       already in Plaintiff's possession, custody or control. Subject to and without
17     waiving its objections, Defendant will produce payroll records, bonus letters and
       salary increase notifications reflecting Plaintiff's compensation between January
18     1, 2012 and the end of her employment.

19    **REQUEST FOR PRODUCTION NO. 45:** Produce a complete copy of the digital

20  recording of the Town Hall presentation by N.R. Narayana Murthy occurring on or about June

21  14, 2013.

22     **RESPONSE:**  Defendant objects to this request as not reasonably calculated to
       lead to the discovery of admissible evidence.
23

24    **REQUEST FOR PRODUCTION NO. 46:** Referring to the document attached hereto

25  as Exhibit 1, provide any employee roster, inventory, employee location summary and other

26  DEFENDANT'S RESPONSE TO PLAINTIFF'S
    THIRD SET OF INTERROGATORIES AND
    REQUESTS FOR PRODUCTION OF DOCUMENTS - Page 7

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle,
WA  98101
Telephone (206) 624-0900

1    documents that identifies Defendant's action to bring "people back to India."

2    **RESPONSE:** Defendant objects to this request as overbroad, unduly
burdensome, and not reasonably calculated to lead to the discovery of admissible
3    evidence. Defendant further objects to this request as overbroad to the extent it
seeks information beyond that relating to U.S.-based E&R employees. Defendant
4    further objects to this request to the extent it mischaracterizes the contents of the
document attached as Exhibit 1. Subject to and without waiving its objections,
5    Defendant states that no U.S.-based E&R employees relocated to India as part of
the cost optimization process, and therefore, no relevant, responsive documents
6    exist.

7    **REQUEST FOR PRODUCTION NO. 47:** Referring the document attached hereto as

8    Exhibit 1, provide all selection criteria, employee rankings, meeting minutes, emails and other

9    documents that reference the Nandita Gurjar's analysis and selection of E&R employees for

10   elimination pursuant to Defendant's cost optimization process.

11   **RESPONSE:** Defendant objects to this request as overbroad, unduly
burdensome, and not reasonably calculated to lead to the discovery of admissible
12   evidence. Defendant further objects to this request as overbroad to the extent it
seeks information beyond that relating to U.S.-based E&R employees. Subject to
13   and without waiving its objections, Defendant has produced documents reflecting
the decision to eliminate all U.S.-based E&R positions in connection with the cost
14   optimization process and will supplement this response if additional responsive
documents are located during its review of electronically stored information.

15

16   **REQUEST FOR PRODUCTION NO. 48:** Referring the document attached hereto as

17   Exhibit 1, provide the document attachment referenced by Srikantan "Tan" Moorthy in the

18   originating email of July 3, 2013. If Defendant has already produced this document, you may

19   simply refer the Bates number(s) for the same.

20   **RESPONSE:** Subject to and without waiving its objections, Defendant will
produce the attachment referenced by Srikantan "Tan" Moorthy in the originating
21   email of July 3, 2013, attached as Exhibit 1 to Plaintiff's Requests for Production,
if it is located during Defendant's review of electronically stored information.

22

23   **REQUEST FOR PRODUCTION NO. 49:** For the period of January 1, 2012, through

24   the present date, produce all travel requisitions, approval forms, reservations, confirmations,

25   emails and other records that reference the business-related travel for Nandita Gurjar.

26   DEFENDANT'S RESPONSE TO PLAINTIFF'S
THIRD SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS - Page 8

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600; Seattle,
WA 98101
Telephone (206) 624-0900

1     **RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the scope of the request to the extent it seeks information relating to an employee based outside of the United States.

2

3     **REQUEST FOR PRODUCTION NO. 50:** For the period of January 1, 2012, through

4 the present date, produce all travel requisitions, approval forms, reservations, confirmations,

5 emails and other records that reference the business-related travel for Srikantan "Tan" Moorthy.

6

7     **RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the scope of the request to the extent it seeks information relating to an employee based outside of the United States.

8

9     **REQUEST FOR PRODUCTION NO. 51:** For the period of January 1, 2012, through

10 the present date, produce all travel requisitions, approval forms, reservations, confirmations,

11 emails and other records that reference the business-related travel for Dr. Jayan Sen.

12

13     **RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the scope of the request to the extent it seeks information relating to an employee based outside of the United States.

14

15     **REQUEST FOR PRODUCTION NO. 52:** For the period of January 1, 2012, through

16 the present date, produce all policies, procedures, guidelines, emails and other documents that

17 reference any personnel management practice that discourages disparities between the Job Level

18 and the Personal Level of Defendant's employees.

19

20     **RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Defendant states that it does not maintain a "personnel management practice that discourages disparities between the Job Level and the Personal Level." Accordingly, no responsive documents exist.

21

22

23

24

25

26

DEFENDANT'S RESPONSE TO PLAINTIFF'S
THIRD SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS – Page 9

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle,
WA 98101
Telephone (206) 624-0900

EXHIBIT 17

**Brian L. Dolman**

| | |
|---|---|
| **From:** | Torrez-Pfister, Monica (Seattle) <Monica.Torrez@jacksonlewis.com> |
| **Sent:** | Friday, October 17, 2014 5:54 PM |
| **To:** | Brian L. Dolman |
| **Subject:** | Watkins v. Infosys - Proposed Agreement and Order re: ESI |
| **Attachments:** | 10.17.14 Agreement & Order re Discovery & ESI.DOC |

Brian,

Here is the proposed Agreement and Order regarding ESI which I mentioned we would be sending.  We are working on coming up with search terms and will get them to you by next week.  I will also get back to you on the November 18th date for Rebecca Dean's deposition by early next week.

The attached needs some work on the formatting, which my assistant will fix.  However, please do review the content and let me know if you have any changes.

Thank you,

Monica

**Monica Torrez-Pfister**
**Attorney at Law**

**Jackson Lewis P.C.**
www.jacksonlewis.com
Phone:  (206) 626-6434
Cell:  (510) 468-0345
Fax:  (206) 405-4450
E-mail:  monica.torrez@jacksonlewis.com
My Bio

520 Pike Street, Suite 2300
Seattle, Washington 98101

**Representing management exclusively in workplace law and related litigation.**



Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

# EXHIBIT 18

**Brian L. Dolman**

| | |
|---|---|
| **From:** | Brian L. Dolman |
| **Sent:** | Friday, January 16, 2015 12:45 PM |
| **To:** | 'Katzenstein, Krissy A.' |
| **Cc:** | adam.belzberg@stoel.com; Jennifer T. Song |
| **Subject:** | RE: Infosys electronic search terms |

Thank you for your response. I assume that Defendant did not just take my suggested search terms and start running searches. Pursuant to my previous request, please send me a list of Defendant's search terms.

Thank you,

# Brian L. Dolman
Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500
Seattle, WA 98101-3021
206.622.2086

CONFIDENTIAL COMMUNICATION: This transmission is intended for the
sole use of the intended recipient and may contain information that is protected
by attorney/client privilege, work product doctrine or otherwise exempt from
disclosure under applicable law. Any unauthorized dissemination, distribution
or duplication by someone other than the intended recipient is strictly prohibited.
If you believe you have received this transmission in error, please immediately
notify the sender and delete it.

**From:** Katzenstein, Krissy A. [mailto:kkatzenstein@morganlewis.com]
**Sent:** Friday, January 16, 2015 11:30 AM
**To:** Brian L. Dolman
**Cc:** adam.belzberg@stoel.com; Jennifer T. Song
**Subject:** RE: Infosys electronic search terms

Brian,

We are in the process of testing search terms and ran into a glitch with how one of the terms was structured such that any document with the word "Nandita" was deemed a hit. We are in the process of correcting this and rerunning the terms. After we have done so, we will have a better sense of whether we need to make any tweaks to the list and can collaborate further with you.

Thanks,
Krissy

**Krissy Katzenstein**
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW | Washington DC 20004
Direct: +1.202.739.5651 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Cell: +1.317.473.7576
kkatzenstein@morganlewis.com | www.morganlewis.com
Assistant: Jo Ann Bashford | +1.202.739.5679 | jbashford@morganlewis.com

**From:** Brian L. Dolman [mailto:Brian@lonnquistlaw.com]
**Sent:** Thursday, January 15, 2015 1:46 PM
**To:** Katzenstein, Krissy A.

**Cc:** adam.belzberg@stoel.com; Jennifer T. Song
**Subject:** Infosys electronic search terms

Krissy –

I assume that Infosys is in the process of testing search terms and production results from its database.  You will recall that Plaintiff previously submitted search term suggestions pursuant to your request, but I did not receive any response to that email.  As soon as you are able, please kindly update Plaintiff as to Defendant's status on e-discovery and when I might expect a production of documents from this database.  Also, I would like to see Defendant's recommendations for search terms so that we may further collaborate on this issue.

Thank you in advance for your response.

# Brian L. Dolman

Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500
Seattle, WA  98101-3021
206.622.2086

CONFIDENTIAL COMMUNICATION: This transmission is intended for the
sole use of the intended recipient and may contain information that is protected
by attorney/client privilege, work product doctrine or otherwise exempt from
disclosure under applicable law. Any unauthorized dissemination, distribution
or duplication by someone other than the intended recipient is strictly prohibited.
If you believe you have received this transmission in error, please immediately
notify the sender and delete it.

DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this
communication in error, please notify us immediately by
e-mail and delete the original message.

EXHIBIT 19

## Brian L. Dolman

| | |
|---|---|
| **From:** | Brian L. Dolman |
| **Sent:** | Wednesday, February 04, 2015 6:33 PM |
| **To:** | 'Belzberg, Adam S.' |
| **Cc:** | Stohner, George A.; Carroll, Thomas W.; Dombek, Jamie R.; Jennifer T. Song |
| **Subject:** | Watkins v. Infosys - 30(b)(6) Depositions |

Mr. Belzberg –

I write with reference to Defendant's attempt to cancel the 30(b)(6) depositions on February 10 and 11, 2015. As you know, my office provided you and your client with approximately 6 weeks' advance notice of these depositions. After nearly a month, you suggest that defense counsel is now busy and that Defendant is still the in process of identifying corporate designees for these depositions. This latest message directly conflicts with your email of January 22; you previously stated that Mr. Stohner made clear to me that he would designate 30(b)(6) witnesses for the scheduled depositions, and that I could expect to receive the witness designations the week of January 26. Defendant failed to make good on this promise.

If Defendant's counsel identified any scheduling conflicts, I specifically invited you to promptly contact my office to schedule a mutually agreed alternate date. You did not exercise this option. As it stands now, Plaintiff is left to deduce that 1) Defendant's counsel subsequently scheduled other matters to create a conflict with these depositions and/or 2) Defendant is ill-prepared and unable to designate a witness. Either way, Defendant's actions are anathema to the civil rules and the efficient administration of this litigation.

Despite Plaintiff's many attempts to schedule depositions in this case, my office has experienced delays and obfuscation by Defendant. On this basis, please be advised that these depositions will proceed as scheduled. In the event that Defendant fails to promptly notify me of the 30(b)(6) designees or otherwise fails to supply knowledgeable witnesses capable of providing testimony on the topics previously identified, Plaintiff reserves the right to bring this matter to the attention of Judge Coughenour.

## Brian L. Dolman
Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500
Seattle, WA 98101-3021
206.622.2086

CONFIDENTIAL COMMUNICATION: This transmission is intended for the sole use of the intended recipient and may contain information that is protected by attorney/client privilege, work product doctrine or otherwise exempt from disclosure under applicable law. Any unauthorized dissemination, distribution or duplication by someone other than the intended recipient is strictly prohibited. If you believe you have received this transmission in error, please immediately notify the sender and delete it.

**From:** Belzberg, Adam S. [mailto:adam.belzberg@stoel.com]
**Sent:** Wednesday, January 28, 2015 3:45 PM
**To:** Brian L. Dolman
**Cc:** Stohner, George A.; Carroll, Thomas W.; Dombek, Jamie R.
**Subject:** RE: Watkins - Discovery Conf of 1/20 [S-R.0080127.00001]

Hi Brian,

I am writing to follow-up on my January 22 email below.

Defendant does not have any suggested changes to your proposed list of ESI search terms at this time.  We should have a de-duped hit list for all of the custodians next week, and will be in position to make any suggested additions or changes to your proposed terms at that time.

With respect to the 30(b)(6) depositions Plaintiff unilaterally set for February 10 and 11, we are not available on those dates and defendant is still identifying a 30(b)(6) deponent or deponents who can testify regarding the topics.  We should be in a position to work with you on a mutually agreeable date for that deposition early next week.

Regarding the Benson, Kidd and McGaw depositions, we are still in the process of confirming their availability on your proposed dates, and hope to be in a position to finalize the dates and locations with you by the end of this week.

Thanks,

Adam

**Adam S. Belzberg** | Partner
**STOEL RIVES LLP** | 600 University Street, Suite 3600 | Seattle, WA 98101
Direct:  (206) 386-7516 | Fax:  (206) 386-7500
adam.belzberg@stoel.com | www.stoel.com

**From:** Brian L. Dolman [mailto:Brian@lonnquistlaw.com]
**Sent:** Thursday, January 22, 2015 3:45 PM
**To:** Belzberg, Adam S.; george.stohner@faegrebd.com
**Cc:** Dombek, Jamie R.
**Subject:** RE: Watkins - Discovery Conf of 1/20 [S-R.0080127.00001]

Excellent.  I am glad to hear that Defendant will designate witnesses for those upcoming depositions.  I look forward to receiving your designations next week.

Thank you for your response,

# Brian L. Dolman

Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500
Seattle, WA  98101-3021
206.622.2086

CONFIDENTIAL COMMUNICATION: This transmission is intended for the sole use of the intended recipient and may contain information that is protected by attorney/client privilege, work product doctrine or otherwise exempt from disclosure under applicable law. Any unauthorized dissemination, distribution or duplication by someone other than the intended recipient is strictly prohibited. If you believe you have received this transmission in error, please immediately notify the sender and delete it.

**From:** Belzberg, Adam S. [mailto:adam.belzberg@stoel.com]
**Sent:** Thursday, January 22, 2015 3:33 PM
**To:** Brian L. Dolman; george.stohner@faegrebd.com
**Cc:** Dombek, Jamie R.
**Subject:** RE: Watkins - Discovery Conf of 1/20 [S-R.0080127.00001]

Brian,

Thank you for the email following up on our January 20 discovery conference.

With respect to your summary of our discussion about the 30(b)(6) depositions you noted for February 10 and 11, Mr. Stohner did not state or indicate that Defendant would be unable or unwilling to designate any 30(b)(6) deponents. To the contrary, I understood Mr. Stohner to make it clear that Defendant is seeking to identify 30(b)(6) deponents who can testify regarding the identified topics.

Thank you for also proposing dates for the Benson, Kidd, and McGaw depositions. We are in the process of checking their availability, and will get back to you with final confirmation by Tuesday, January 27.

Regards,

Adam

**Adam S. Belzberg** | Partner
**STOEL RIVES LLP** | 600 University Street, Suite 3600 | Seattle, WA 98101
Direct: (206) 386-7516 | Fax: (206) 386-7500
adam.belzberg@stoel.com | www.stoel.com

---

**From:** Brian L. Dolman [mailto:Brian@lonnquistlaw.com]
**Sent:** Wednesday, January 21, 2015 4:15 PM
**To:** george.stohner@faegrebd.com
**Cc:** Belzberg, Adam S.
**Subject:** Watkins - Discovery Conf of 1/20

Gentlemen —

I write as a follow-up to our discovery conference of yesterday evening. Please kindly respond or provide any corrections as you deem appropriate:

**Depositions of Gurjar & Moorthy:** Defendant finally responded to my many requests by stating that it would not arrange for these witnesses to appear in the United States for depositions. Although Ms. Gurjar has assisted in the defense of this case, she is either not willing or Defendant is unwilling to host her travel outside of India; although Ms. Katzenstein posited that Ms. Gurjar might travel to another location, you were unable to further define this potential solution. I will gladly receive any additional input on this issue from your office next week. Also, despite Mr. Moorthy's status as an Executive Vice President and head of HRD, you stated that he unwilling to travel to the United States at this time. As to any prior agreements regarding Mr. Moorthy's appearance in the United States, Defendant disavows the same.

When asked why it took so long for Defendant to state a blanket denial to my long standing request to take the depositions of these former supervisors, Mr. Stohner responded by stating, "Blame me."

**30(b)(6) Designations:** There are 30(b)(6) depositions scheduled for February 10 and 11, 2015. Defendant stated that it does recognize any available designees that can testify to the matters described in the deposition notices. Mr. Stohner also stated that he does not anticipate that Defendant will be able to designate any representatives to appear at these depositions.

**Depositions of McGaw, Kidd & Benson:** Pursuant to your request, Plaintiff identifies March 3 or 4 as dates for Ms. McGaw. Plaintiff also identifies March 12 and 13 for the depositions of Kidd and Benson. The locations will be identified, as Defendant's prior offer to hold the depositions at the offices of Morgan Lewis LLP may be subject to change. Please immediately contact my office if you find conflict with these dates, as I would like to provide you the necessary notices and make travel arrangements in the coming days.

**ESI Search Terms:** Pursuant to Ms. Katzenstein's earlier request, Plaintiff provided Defendant with her search term recommendations. Mr. Stohner agreed to provide Defendant's list of search terms in his response to my office next week.

Sincerely,

**Brian L. Dolman**

Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500
Seattle, WA 98101-3021
206.622.2086

CONFIDENTIAL COMMUNICATION: This transmission is intended for the sole use of the intended recipient and may contain information that is protected by attorney/client privilege, work product doctrine or otherwise exempt from disclosure under applicable law. Any unauthorized dissemination, distribution or duplication by someone other than the intended recipient is strictly prohibited. If you believe you have received this transmission in error, please immediately notify the sender and delete it.