THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARILYN WATKINS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>INFOSYS, d/b/a INFOSYS, Ltd.,<br><br>　　　　　　Defendant. | CASE NO. C14-247-JCC<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION FOR A PROTECTIVE ORDER, GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS, AND GRANTING DEFENDANT'S MOTION FOR LEAVE TO WITHDRAW |

　　　　This matter comes before the Court on Defendant's Motion for a Protective Order (Dkt. No. 29) and corresponding briefing and declarations (Dkt. Nos. 30, 38–41), Plaintiff Marilyn Watkins' Motion to Compel and for Sanctions (Dkt. No. 33) and corresponding briefing and declarations (Dkt. Nos. 34, 35, 42, 44–47), and Krissy Katzenstein's Motion for Leave to Withdraw as counsel of record for Defendant (Dkt. No. 37).

　　　　Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby resolves the motions, for the reasons explained herein, as follows:

　　　　1)　Defendant's Motion for a Protective Order (Dkt. No. 29) is GRANTED in part;

　　　　2)　Plaintiff's Motion to Compel and for Sanctions (Dkt. No. 33) is GRANTED in part;

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR A PROTECTIVE ORDER,
GRANTING IN PART PLAINTIFF'S MOTION TO
COMPEL AND FOR SANCTIONS, AND
GRANTING DEFENDANT'S MOTION FOR
LEAVE TO WITHDRAW
PAGE - 1

and

3) Ms. Katzenstein's Motion for Leave to Withdraw (Dkt. No. 37) is GRANTED.

## I.  BACKGROUND

On February 19, 2014 the above-captioned matter was removed from King County Superior Court. Dkt. No. 1. Shortly thereafter, trial was set for May 18, 2015 with a discovery cutoff 120 days beforehand. Dkt. No. 11. Upon the stipulation of the parties, the Court extended the trial date and pretrial deadlines. Dkt. Nos. 24, 26. Trial is currently set for July 27, 2015 and discovery concludes on April 30, 2015. *Id.* Defendant Infosys is a foreign corporation with its principal place of business in Bangalore, Karnataka, India. Dkt. No. 1, p. 1.

The present discovery dispute stems from apparent difficulties scheduling the deposition of Defendant Infosys under Fed. R. Civ. P. 30(b)(6) as well as Plaintiff's dissatisfaction with Defendant's responses to its requests for production, interrogatories, requests for admissions, and requests to depose witnesses located in India. Dkt. Nos. 29, 36-1. The record before the Court indicates that the disputed scheduling difficulties are not the clear fault of one party, but rather the product of understandable complications from litigating with an overseas defendant, albeit it coupled by inflexibility and antagonism on the part of some counsel. As such, the Court finds the terms of Defendant's requested protective order reasonable, and—with the exception of her requests regarding written discovery—Plaintiff's motion to compel and for sanctions unnecessary.

## II.  DISCUSSION

### A. Court Authority over Discovery

Courts have broad discretion to control discovery. *See Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). If no claim of privilege applies, parties may obtain discovery of any information that is "relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). "Relevant information for purposes of discovery is information 'reasonably calculated

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR A PROTECTIVE ORDER,
GRANTING IN PART PLAINTIFF'S MOTION TO
COMPEL AND FOR SANCTIONS, AND
GRANTING DEFENDANT'S MOTION FOR
LEAVE TO WITHDRAW
PAGE - 2

to lead to the discovery of admissible evidence.'" *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005) (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)). Discovery should be limited, however, where its "burden or expense . . . outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). The Federal Rules strongly encourage parties to resolve discovery disputes privately and discourage them from seeking needless court intervention.

### B. Defendant's Motion for a Protective Order

Defendant moves the Court for a protective order to accomplish three objectives: (1) to quash Rule 30(b)(6) depositions noted for February 10th and 11th, (2) to order that the deposition of Infosys take place in Oakland or San Francisco, California at a mutually-agreeable time on or near the date that Infosys's designee has her personal deposition taken, and (3) to limit the deposition to one day of seven hours. Dkt. No. 29, p. 3. These requests come after significant correspondence between the parties around the scheduling of depositions. *See* Dkt. No. 30, Exs. A–D; Dkt. No. 39, Ex. 6. Plaintiff indicates that she resorted to unilaterally setting deposition due to a "lack of response" from Defendant. Dkt. No. 39, Ex. 2.

As to the first request, while the Court agrees that Plaintiff's insistent proceeding with February 10th and 11th deposition dates despite awareness of Defense counsel's unavailability was problematic, *see* Dkt. No. 30, Ex. D; Dkt. No. 39, Ex. 6, these dates have come and gone. Defendant filed its motion for a protective order on February 9, 2015.[1] Dkt. No. 29. While Defense counsel indicated numerous times that the 10th and 11th of February were not suitable

---

[1] Motions for a protective order note on the second Friday after being filed. Local Civ. R. W.D. Wash. 7(d)(2)(B). This motion, therefore, noted for the Court's consideration on Friday, February 20th, 2015. The Court makes every effort to render a decision within thirty days of the noting date of motions. Local Civ. R. W.D. Wash. 7(b)(5).

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR A PROTECTIVE ORDER,
GRANTING IN PART PLAINTIFF'S MOTION TO
COMPEL AND FOR SANCTIONS, AND
GRANTING DEFENDANT'S MOTION FOR
LEAVE TO WITHDRAW
PAGE - 3

dates for a deposition, an attorney for Defendant appeared at the office of Plaintiff's counsel on the morning of February 10th. Dkt. No. 41. Plaintiff's counsel had apparently cancelled the court reporter without notifying opposing counsel. *Id.* In other words, Defendant moved the Court – on the evening before the disputed depositions were scheduled – to quash what has now already been cancelled. The Court therefore ignores the request to quash the deposition as it is moot.

With regard to the remainder of Defendant's request, the Court agrees that its organizational deposition, with Martha McGaw as designee, is properly held in the Oakland or San Francisco area. To require Ms. McGaw to travel to Seattle is inconvenient and burdensome compared to the solution proposed by Defendant; to simply coordinate Ms. McGaw's organizational deposition with her personal one, which the parties have already agreed to take in the San Francisco area. Dkt. No. 29, p. 7; Dkt. No. 30, Ex. C, p. 12. To the extent that the parties continue to require a Court order, a protective order is hereby entered to order the deposition of Defendant Infosys take place in the San Francisco or Oakland area on a mutually-agreeable date coordinated with the personal deposition of Ms. McGaw.

Finally, the Federal Rules require that, "unless otherwise stipulated or ordered, a deposition is limited to one day of seven hours." Fed. R. Civ. P. 30(d)(1). The 30(b)(6) deposition of Defendant Infosys is expected to comply with this rule absent a stipulation.

**C.  Plaintiff's Motion to Compel and For Sanctions**

In addition to opposing Defendant's motion for a protective order, Plaintiff moves the Court to: (1) compel production of ESI by March 6th, (2) compel production of complete discovery responses by March 6th, (3) compel two witnesses who live in India to be deposed in the United States, and (4) to issue sanctions for Defendant's "failure to attend its 30(b)(6)

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR A PROTECTIVE ORDER,
GRANTING IN PART PLAINTIFF'S MOTION TO
COMPEL AND FOR SANCTIONS, AND
GRANTING DEFENDANT'S MOTION FOR
LEAVE TO WITHDRAW
PAGE - 4

depositions." Dkt. No. 36-1, 44. Plaintiff mistakenly argues in her reply brief that Defendant's response was untimely. Local Civ. R. W.D. Wash. 7(d)(2).[2]

1. ESI

The Court agrees that Plaintiff's briefing regarding requests for ESI lacks sufficient "facts, law, and analysis to allow the court to determine whether [her] argument has merit." *Nat'l Union Fire Ins. Co. of Pittsburgh, Penn. V. Coinstar, Inc.*, 2014 WL 3396124 at *2 (W.D. Wash. July 10, 2014). Plaintiff's motion merely states that "Defendant's production of ESI remains an outstanding and unresolved issue." Dkt. No. 36-1, p. 13.[3] The Court finds no basis to rule on such a vague and unsupported argument.

2. Outstanding Requests for Production, Interrogatories

In discovery disputes, while the "party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements," *La. Pacific Corp. v. Money Market 1 Institutional Inv. Dealer,* 285 F.R.D. 481, 485 (N.D.Cal.2012), "the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Id. See also Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975) (the party opposing discovery is "required to carry a heavy burden of showing" why discovery should be denied).

Plaintiff moves the Court to compel production of twenty-two of its requests for production, ten of its interrogatories, and three of its requests for admission.[4] Dkt. No. 36-1, pp. 8–13. Plaintiff supports her motion with "an example" of what she categorizes as Defendant's "unresponsive and evasive approach," *see* Dkt. No. 36-1, p. 7 (citing Dkt. No. 24, Ex. 16), and

---

[2] For motions that note on the second Friday after filed, such as this, opposition briefs are due the Wednesday before the noting date.

[3] The Court is also free to disregard Plaintiff's argument as it is not contained within the page limits prescribed by Local Civ. R. W.D. Wash. 7(e)(2). *See* Rule 7(e)(6).

[4] Plaintiff lists theses as "RFP 39–41" in her motion but it appears she is referring to requests for admission. Dkt. No. 36-1, p. 13.

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR A PROTECTIVE ORDER,
GRANTING IN PART PLAINTIFF'S MOTION TO
COMPEL AND FOR SANCTIONS, AND
GRANTING DEFENDANT'S MOTION FOR
LEAVE TO WITHDRAW
PAGE - 5

later argues that "the example provided to the Court is consistent with all other discovery responses." Dkt. No. 44, p. 3. While somewhat imprecise, Plaintiff's motion to compel is not so entirely "threadbare and incomplete" as Defendant argues. *See* Dkt. No. 42, p. 8.

Based on the record presently before the Court, there are legitimate concerns with Defendant's responses to Plaintiff's written discovery requests. Plaintiff specifically identifies many discovery requests to which Defendant has either indicated that it will produce the requested information after "reasonable investigation," (Interrogatories 11–17), that it will provide more information in the future and hasn't (Interrogatories 18–20, Requests for Production 6, 35–42), or made an objection based on unreasonable semantic parsing (Requests for Admission 39–41, Requests for Production 32–34). Dkt. No. 36-1, pp. 8–13. Defendant's responsive briefing does nothing to satisfy its "heavy burden" of establishing that written discovery should be denied, but focuses more primarily on finger-pointing. Dkt. No. 42, pp. 7–8.

It is possible that, since briefing on these motions was submitted, Defendant has worked in good faith to produce more satisfying written responses; the course of action it advocates in its response to Plaintiff's motion to compel. *See* Dkt. No. 42, p. 2. If Defendant is continuing to rely on the broad, repeated objections set forth in its responses to Plaintiff's Third Set of Interrogatories and Requests for Production of Documents (Dkt. No. 34) and has not supplemented its responses as promised, the Court GRANTS Plaintiff's motion to compel in part. Defendant is hereby ORDERED to supplement its written responses to the discovery requests articulated in pages eight (8) to thirteen (13) of Plaintiff's motion to compel **on or before April 6, 2015**.

3. <u>Depositions</u>

It is apparent based on the record before the Court with respect to both Defendant's Motion for a Protective Order (Dkt. No. 29) and Plaintiff's Motion to Compel (Dkt. No. 33, 36-1), that scheduling the deposition of certain defense witnesses has indeed been "a moving

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR A PROTECTIVE ORDER,
GRANTING IN PART PLAINTIFF'S MOTION TO
COMPEL AND FOR SANCTIONS, AND
GRANTING DEFENDANT'S MOTION FOR
LEAVE TO WITHDRAW
PAGE - 6

target." Dkt. No. 42, p. 5. The behavior of Plaintiff's counsel, in insisting both on a U.S. deposition for witnesses Moorthy and Gurjar as well as on certain inconvenient dates for Rule 30(b)(6) depositions, does not suggest that efforts to schedule depositions have been entirely in good faith. There is no reason that the parties cannot find a mutually-agreeable time, location, and/or technology by which to achieve the depositions of witnesses Moorthy and Gurjar. To the extent that Plaintiff's Motion seeks a Court order dictating the terms of these depositions, it is DENIED.

  4. <u>Sanctions</u>

The Court finds Plaintiff's request for sanctions inappropriate, and this portion of her motion is DENIED.

  **D. Discovery Cut-Off and Trial Dates**

In the event that Defendant does not produce the discovery that it indicates is forthcoming, or that the parties continue to have difficulty scheduling depositions, the Court recognizes that another short continuance of the discovery cut-off date may be necessary. If so, the parties will be expected to submit a stipulated proposed order modifying the case schedule as needed. Otherwise the Court sees no reason to extend any of the current deadlines—which have already been continued once—on its own motion. The discovery cutoff date remains April 30, 2015.

  **E. Ms. Katzenstein's Motion for Leave to Withdraw**

Finally, having reviewed Ms. Katzenstein's Motion for Leave to Withdraw (Dkt. No. 37) and finding it in compliance with Local Civ. R. W.D. Wash. 83.2, the Court hereby GRANTS the motion. Ms. Katzenstein is hereby permitted to withdraw as counsel for Defendant Infosys in this matter.

**III.   CONCLUSION**

For the foregoing reasons, Defendant's Motion for a Protective Order (Dkt. No. 29) is

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR A PROTECTIVE ORDER,
GRANTING IN PART PLAINTIFF'S MOTION TO
COMPEL AND FOR SANCTIONS, AND
GRANTING DEFENDANT'S MOTION FOR
LEAVE TO WITHDRAW
PAGE - 7

1  GRANTED in part, Plaintiff's Motion to Compel (Dkt. No. 33) is GRANTED in part, and Ms.

2  Katzenstein's Motion for Leave to Withdraw (Dkt. No. 37) is GRANTED.

3        DATED this 27th day of March 2015.

 

                                            */s/ John C. Coughenour*

                                            John C. Coughenour
                                            UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR A PROTECTIVE ORDER,
GRANTING IN PART PLAINTIFF'S MOTION TO
COMPEL AND FOR SANCTIONS, AND
GRANTING DEFENDANT'S MOTION FOR
LEAVE TO WITHDRAW
PAGE - 8